STATE OF NORTH CAROLINA v. GREGORY DEVON SPELLER

No. 903SC845

(Filed 7 May 1991)

1. **Criminal Law §§ 50.1, 89.1 (NCI3d); Rape and Allied Offenses § 4 (NCI3d)— sexual abuse—expert testimony that victim molested—admissible**

    The trial court did not err in a sexual abuse prosecution by admitting the testimony of an expert in clinical and psychological education that the victim had been molested. The testimony was not that the victim was believable or that defendant was guilty or innocent, but related to the witness's expert knowledge of abused children in general and her personal examination of the victim.

    **Am Jur 2d, Rape § 100.**

2. **Rape and Allied Offenses § 4 (NCI3d) — sexual abuse — victim's statements — admissible**

The trial court did not err in a sexual abuse prosecution by allowing an expert witness to repeat the victim's statements that defendant had sexually abused her. The testimony was derived from information obtained in the course of the victim's treatment and evaluation; furthermore, the victim identified defendant at trial, so that the expert testimony was properly admitted as corroborative.

**Am Jur 2d, Rape §§ 94 et seq.**

**Modern status of rule regarding necessity for corroboration of victim's testimony in prosecution for sexual offense. 31 ALR4th 120.**

3. **Criminal Law § 50.1 (NCI3d) — sexual abuse — expert testimony — reaction of mothers of abused children — admissible**

The trial court did not err in a sexual abuse prosecution by admitting expert testimony that the mothers of abused children usually do not believe the child, and that it was a good sign for the victim to have told her grandmother that defendant abused her. Although defendant contended that this undercut the testimony of the mother and bolstered the testimony of the grandmother, the testimony was admissible under N.C.G.S. § 8C-1, Rule 702 since a lay jury could be expected to be unfamiliar with parental responses to allegations of abuse and the responses of abused children to those to whom they look for help.

**Am Jur 2d, Rape §§ 94 et seq.**

**Modern status of rule regarding necessity for corroboration of victim's testimony in prosecution for sexual offense. 31 ALR4th 120.**

4. **Criminal Law § 50.1 (NCI3d) — sexual abuse — expert testimony — anatomically correct dolls**

The trial court did not err in a sexual abuse prosecution by allowing an expert to base her opinion in part on the performance of the victim with anatomically correct dolls where it was clear that the dolls were used only to confirm the activities that the child had already verbally described.

**Am Jur 2d, Rape § 104.**

5. **Criminal Law § 904 (NCI4th) — sexual abuse of child — instructions — unanimous verdict**

Defendant in a prosecution for taking indecent liberties with a child, first degree sexual offense, and first degree rape was not denied a unanimous verdict because the jurors were free under the instructions to determine which of the various acts testified to by the victim could support the convictions. The evidence at trial tended to show that defendant performed various acts upon the victims; there is no indication of confusion within the jury; and the instructions were properly tailored to the evidence of the case.

**Am Jur 2d, Rape § 111.**

6. **Rape and Allied Offenses § 6 (NCI3d) — rape and first degree sexual offense — definition of sexual offense — no error**

There is no error in a prosecution for first degree sexual offense and rape where the trial court did not exclude rape from the definition of a sexual act in its instruction on sexual offense. Given the distinction within the same instruction between a "male sexual organ" and an "object," there was no reasonable possibility that a juror would incorrectly equate the two.

**Am Jur 2d, Rape § 108.**

7. **Rape and Allied Offenses § 19 (NCI3d) — indecent liberties — one count dismissed — no instruction as to acts to disregard**

There was no error in a prosecution for indecent liberties where one count was dismissed at the close of the evidence, but there was no indication that the jury was instructed as to what acts, if any, it should disregard. Defendant did not object at trial or request such an instruction.

**Am Jur 2d, Rape § 108.**

8. **Rape and Allied Offenses § 7 (NCI3d) — first degree sexual offense — mandatory life sentence — not cruel and unusual**

A mandatory life sentence for first degree sexual offense did not constitute cruel and unusual punishment.

**Am Jur 2d, Rape §§ 114, 115.**

**Comment Note. — Length of sentence as violation of constitutional provisions prohibiting cruel and unusual punishment. 33 ALR3d 335.**

STATE v. SPELLER

[102 N.C. App. 697 (1991)]

APPEAL by defendant from judgment entered 14 March 1990 by *Judge Frank R. Brown* in PITT County Superior Court. Heard in the Court of Appeals 20 March 1991.

*Attorney General Lacy H. Thornburg, by Associate Attorney General Valerie B. Spalding, for the State.*

*Appellate Defender Malcolm Ray Hunter, Jr., by Assistant Appellate Defender Mark D. Montgomery, for the defendant-appellant.*

JOHNSON, Judge.

Defendant was indicted on two counts of taking indecent liberties with a child, one count of first-degree sexual offense and one count of first-degree rape. At the close of all the evidence, the trial court dismissed one count of indecent liberties. Defendant was convicted of the other charges and sentenced to life imprisonment for rape, life imprisonment for sexual offense and ten years for indecent liberties, all to run concurrently.

The evidence presented at trial showed that in the week or so following a move with her mother from her grandmother's house to a house on Bonner Lane, the six year old victim was sexually abused on several occasions by the defendant, her mother's boyfriend. The victim told her kindergarten teachers and her grandmother that defendant "came to [her] bed every night." He put his "thing" in her "bottom" and "in front." She testified that this happened about five times. She also testified that while riding with defendant in his car, defendant put his finger inside her "bottom." She also said that he kissed her and put his tongue on her tongue. Defendant threatened her with a beating if she told anyone about the assaults. A social worker for the Department of Social Services investigated the victim's complaints and made arrangements for her to return to her grandmother's house. At trial before a jury, the trial court admitted expert testimony about which defendant complains. Additional evidence will be set forth as necessary in the discussion of the issues.

I.

By his first Assignment of Error, defendant contends that the trial court erred in allowing the State's expert witness to testify to several opinions regarding sexual abuse.

Dr. Betty Robertson was tendered by the State and accepted by the court as an expert in clinical and psychological education. She testified that she conducted a psychological evaluation of the victim at the request of the Department of Social Services. Her examination consisted of several interviews with the victim, her grandmother and her mother. She administered standard tests including an IQ test, a visual motor integration and achievement test, drawing test, children's apperception test and the projected storytelling test. Her final interview with the victim was a sexual abuse interview at the end of which she used anatomically correct dolls "for verification, to make sure that we have not misunderstood what activity went on."

Dr. Robertson testified as to her testing of the child, her findings as to her intelligence, memory and verbal skills. She explained how young children in general are able to communicate with regard to sexual abuse. She repeated the victim's description to her of what defendant had done to her. In response to the State's question as to her diagnostic impressions, Dr. Robertson stated her conclusion that the child suffered from an adjustment disorder with mixed emotional features, a diagnosis consistent with the history of sexual abuse that she related.

[1] Defendant first complains that Dr. Robertson's testimony was improper because she testified not merely to the general characteristics of child abuse but that the victim herself had been molested and that this had the effect of expressing an opinion on the ultimate issue in the case and the credibility of the child witness. We disagree. The testimony of an expert to the effect that a prosecuting witness is believable, credible or telling the truth is not admissible. *State v. Jackson,* 320 N.C. 452, 358 S.E.2d 679 (1987); *State v. Kim,* 318 N.C. 614, 350 S.E.2d 347 (1986); *State v. Aguallo,* 318 N.C. 590, 350 S.E.2d 76 (1986). But where the expert's testimony relates to a diagnosis derived from the expert's examination of the witness in the course of treatment, it is not objectionable because it supports the credibility of the witness (*State v. Bailey,* 89 N.C. App. 212, 365 S.E.2d 651 (1988)); or identifies the perpetrator (*State v. Smith,* 315 N.C. 76, 85, 337 S.E.2d 833, 840 (1985)); or states an opinion that abuse has occurred (*State v. Kennedy,* 320 N.C. 20, 32, 357 S.E.2d 359, 366 (1987)).

In the instant case, Dr. Robertson's testimony was not that the victim was believable or that the defendant was guilty or inno-

cent. Her testimony related to her expert knowledge of abused children in general and her personal examination of the victim. This contention is without merit.

[2]  In the course of her testimony, Dr. Robertson repeated the victim's statements to her that the defendant had sexually abused her. Defendant contends that Dr. Robertson's testimony was improper because it was to the effect that defendant was the perpetrator. This objection is without merit. The testimony at issue was derived from information obtained by Dr. Robertson in the course of the victim's treatment and evaluation and is admissible. *Smith*, 315 N.C. 76, 337 S.E.2d 833; *Aguallo*, 318 N.C. 590, 350 S.E.2d 76. Furthermore, the victim testified at trial and identified defendant as the perpetrator. Therefore, Dr. Robertson's testimony corroborates her testimony and was properly admitted on that ground. *Smith*, 315 N.C. 76, 337 S.E.2d 833.

[3]  Defendant next objects to Dr. Robertson's testimony that "mothers of abused children usually do not believe the child, and that it was a good sign for [the victim] to have told her grandmother that defendant abused her." Defendant complains that this improperly undercuts the testimony of the mother who did not believe her daughter and bolsters the testimony of the grandmother who did believe her. We find that this testimony was proper under G.S. § 8C-1, Rule 702 as being "specialized knowledge [which would] assist the trier of fact to understand the evidence" since a lay jury could be expected to be unfamiliar with the parental responses to allegations of abuse and the responses of abused children to those to whom they look for help. As such, this evidence was helpful to the jury in understanding the evidence and well within the expertise of the witness. *Bailey*, 89 N.C. App. 212, 365 S.E.2d 651.

[4]  Defendant next complains that Dr. Robertson improperly based her opinion in part on the performance of the victim with "anatomically correct" dolls. Dr. Robertson testified that in her last interview with the victim she talked to the child about what had happened to her and only after she had obtained the details verbally did she bring out the dolls so that the victim could give her a visual demonstration of what had happened. We find no error in this. This is essentially the same use of anatomically correct dolls as was described in *State v. Deanes*, 323 N.C. 508, 374 S.E.2d 249 (1988), *cert. denied*, 490 U.S. 1101, 104 L.Ed.2d 1009 (1989). In the case *sub judice*, it is clear that the dolls were used only to confirm

the activities that the child had already verbally described. This objection is without merit.

## II.

By his second Assignment of Error, defendant makes three related arguments: (1) that he was denied a unanimous jury verdict on the sexual offense and indecent liberties charges, (2) that the instruction on sexual offense allowed the jury to convict him on grounds of genital penetration by *any object* thus allowing the jury to convict him of both sexual offense and rape for the same act and (3) that a juror may have based his guilty vote for indecent liberties on the act that formed the basis of the dismissed count.

[5] Defendant first alleges that the instructions allowing conviction if the jury found that defendant had committed any indecent liberty upon the child, denied him a unanimous verdict because the several jurors were free to determine for themselves which of the various acts testified to by the victim could support the conviction. This issue was recently decided in *State v. Hartness*, 326 N.C. 561, 391 S.E.2d 177 (1990) and *State v. McCarty*, 326 N.C. 782, 392 S.E.2d 359 (1990). *See also State v. Foust*, 311 N.C. 351, 317 S.E.2d 385 (1984). The *Hartness* Court explained:

> As [G.S. § 14-202.1(1981)] indicates, the crime of indecent liberties is a single offense which may be proved by evidence of the commission of any one of a number of acts. The evil the legislature sought to prevent in this context was the defendant's performance of any immoral, improper, or indecent act in the presence of a child "for the purpose of arousing or gratifying sexual desire." Defendant's purpose for committing such act is the gravamen of this offense; the particular act performed is immaterial[.]

*Hartness*, 326 N.C. at 567, 391 S.E.2d at 180.

> Even if we assume that some jurors found that one type of sexual conduct occurred and others found that another transpired, the fact remains that the jury as a whole would unanimously find that there occurred sexual conduct within the ambit of "any immoral, improper, or indecent liberties." Such a finding would be sufficient to establish the first element of the crime charged.

*Id.* at 565, 391 S.E.2d at 179.

In the case *sub judice*, the trial judge instructed the jury:

For you to find the defendant guilty of taking an indecent liberty with a child, the State must prove three things beyond a reasonable doubt. First, that the defendant willfully took an indecent liberty with a child for the purpose of arousing or gratifying sexual desire. An indecent liberty is an immoral, improper or indecent touching by the defendant upon the child.

He also instructed the jury that to convict on first-degree sexual offense the State must prove that defendant engaged in a sexual act with the victim.

A sexual act means anal intercourse, which is any penetration, hwoever [sic] slight, of the anus of any person by the male sexual organ of another, or any penetration, however slight, by an object into the genital opening of a person's body.

The trial judge further instructed that a conviction for first-degree rape required, *inter alia*, that the jury find the defendant engaged in vaginal intercourse with the victim where "vaginal intercourse is the penetration, however slight, of the female sex organ by the male sex organ."

Finally, the judge instructed the jury that "a verdict is not a verdict until all twelve of the jurors agree unanimously as to what your decision shall be, and you may not render a verdict by a majority vote." There is no indication in the record as to any confusion within the jury as to these instructions.

The evidence at trial tended to show that defendant performed various acts upon the victim including kissing her on her mouth; putting his tongue on hers; inserting his finger in her vagina and anus; inserting his penis in her anus and in her vagina.

We find that the instructions were properly tailored to the evidence of the case and do not result in an impermissible non-unanimous verdict. *Hartness*, 326 N.C. 561, 391 S.E.2d 177.

[6] Defendant next contends that the jury could have convicted him of both sexual offense and rape on the basis of the same act. The trial judge instructed the jury that rape consists of a penetration of the female sex organ by the male sex organ. He also instructed the jury that a sexual act which comprises a sexual offense means "anal intercourse . . . *or* any penetration, however slight, by an object into the genital opening of a person's body."

STATE v. SPELLER

[102 N.C. App. 697 (1991)]

The judge *did not* include in his instruction the language in the statute which excludes vaginal intercourse from the definition of "sexual act." *See* G.S. § 14-27.1(4) (which defines "sexual act" as cunnilingus, fellatio, analingus, or anal intercourse, *but not vaginal intercourse*, and also includes the penetration by any object into the genital or anal openings of another person's body). Defendant essentially argues that because rape was not excluded from the definition of a sexual act, the jury could have found defendant guilty of a sexual offense if they found that he inserted his penis (any object) into the vagina (the genital opening) of the victim. This act, of course, constitutes rape, for which defendant was also convicted. We disagree with defendant's argument. The trial judge's instructions defined a "sexual act" in the disjunctive as being (1) anal intercourse, the penetration of the anus of one person by the male sexual organ of another *or* (2) the penetration by an object into the genital opening of a person's body. Given this distinction within the same instruction between a "male sexual organ" and an "object" we believe that there is no reasonable possibility that a juror would incorrectly equate the two.

[7] Defendant next contends that it is possible that at least one juror based his vote of guilty for indecent liberties on the act that formed the basis of the dismissed count. The trial judge dismissed one count of indecent liberties at the close of all the evidence and the record shows only that he announced the dismissal by saying "[t]he Court is going to allow the motion in 89-CRS-20271 and deny the motion in the other three cases. All right. Bring the jury back." There is no indication in the record that the jury was instructed as to what acts, if any, were associated with the dismissed charge and thus what acts, if any, it should disregard when considering whether defendant was guilty of the remaining charge. Defendant did not object at trial to this omission and did not request that such an instruction be given. This objection is overruled.

[8] By his last assignment of error, defendant contends that a mandatory life sentence for first-degree sexual offense constitutes cruel and unusual punishment as a matter of law. Our Supreme Court has recently held against defendant on this issue. *State v. Spaugh*, 321 N.C. 550, 364 S.E.2d 368 (1988); *State v. Cooke*, 318 N.C. 674, 351 S.E.2d 290 (1987). This assignment is overruled.

No error.

Judges ARNOLD and WYNN concur.