STATE OF NORTH CAROLINA v. JIMMIE LEE HARRIS

No. COA99-1081

(Filed 3 October 2000)

**1. Evidence— rape—defendant's past rape convictions—common plan or scheme—lack of consent**

There was no prejudicial error in a prosecution for offenses including rape, kidnapping, and sexual offense in the admission of evidence of two prior rape convictions where the court admitted the evidence to show lack of consent and common plan, but the evidence was properly admissible only for common plan or scheme. Although earlier cases suggested that evidence of prior rapes was admissible to show lack of consent, more recent cases have established that this is not a proper purpose; however, the error was not prejudicial because the same evidence was also admitted for a proper purpose.

**2. Kidnapping— second-degree—restraint—separate from assault**

The trial court did not err in a kidnapping prosecution by submitting second-degree kidnapping even though defendant argued insufficient evidence of restraint where the evidence permits a reasonable inference that defendant fraudulently coerced the victim into remaining with him in a car so that he could drive to a secluded place (a cemetery) and sexually assault her. The requisite restraint was the initial act of coercing her to go to the cemetery, not the subsequent assault.

**3. Kidnapping— indictment—purpose—instruction not plain error**

There was no prejudicial error in a second-degree kidnapping prosecution where the indictment alleged that the kidnapping

STATE v. HARRIS

[140 N.C. App. 208 (2000)]

was for the purpose of rape but the court instructed the jury that it could convict if it found that defendant kidnapped the victim to commit rape, second-degree sexual offense, or a crime against nature. The State is held to proof of the felonious purpose alleged in the indictment; however, the review in this case is under plain error analysis, and the result would have been the same without the error because the evidence showed that defendant attempted or committed all three offenses, the jury convicted defendant of all three offenses, and the evidence that he intended to commit only one is no weaker or stronger than the evidence that he intended to commit the others.

**4. Sexual Offenses— instructions—penetration by object**

There was no prejudicial error in a prosecution for offenses including rape and second-degree sexual offense where the court's instruction on second-degree sexual offense was that a sexual act would encompass any penetration by an object. Although an "object" could include defendant's penis, which would allow the jury to base its conviction for second-degree sexual offense on the same act as the conviction for rape, and the trial court should have explicitly excluded vaginal intercourse from its definition of sexual act, there was no prejudice because the court explicitly distinguished between male sex organ and object by defining rape with reference to the male sex organ and sexual offense with reference to an object.

**5. Rape; Sexual Offenses— short-form indictment—rape and sexual offense**

Short-form indictments for rape and a sexual offense were constitutional.

**6. Evidence— rape victim—victim's prior offenses**

The trial court did not abuse its discretion in a prosecution for offenses including kidnapping, rape, and sexual offense by refusing to allow defendant to impeach the victim with her prior convictions more than ten years old. In light of all the other facts elicited about the victim's background, the probative value of the stale convictions was slight. N.C.G.S. § 8C-1, Rule 609(b).

Appeal by defendant from judgments entered 22 October 1998 by Judge Beverly Beal in Buncombe County Superior Court. Heard in the Court of Appeals 23 August 2000.

**STATE v. HARRIS**

[140 N.C. App. 208 (2000)]

*Attorney General Michael F. Easley, by Assistant Attorney General Joyce S. Rutledge, for the State.*

*Appellate Defender Malcolm Ray Hunter, Jr., by Assistant Appellate Defender Anne M. Gomez, for defendant-appellant.*

LEWIS, Judge.

Defendant was indicted on 6 April 1998 for one count of second-degree rape, one count of second-degree kidnapping, one count of second-degree sexual offense, one count of crime against nature, and for being an habitual felon. He was subsequently tried at the 19 October 1998 Criminal Session of Buncombe County Superior Court. On 22 October 1998, the jury returned a verdict of guilty as to all the substantive offenses, except that, as to the crime against nature charge, the jury only found defendant guilty of attempted crime against nature. Defendant thereafter pled guilty to the status of being an habitual felon. The trial judge then sentenced defendant to three consecutive life sentences without the possibility of parole, plus an additional term of 120 days, also to be served consecutively. Defendant now appeals, bringing forth six arguments.

At trial, the State's evidence tended to show the following. On 24 July 1996, while she was visiting a friend's house, the victim asked defendant, who was also there visiting, for a ride to a car she was borrowing. The car was not there when they arrived, so defendant promised the victim they would return later to check on the car after they stopped by his house. After going by his house, defendant retrieved some marijuana from the back of his truck and then stopped off to purchase some beer. The victim told defendant she did not mind if he smoked marijuana when he asked her. Defendant drove to a cemetery and smoked some marijuana, while the victim drank some of the beer.

After smoking the marijuana at the cemetery, defendant became aggressive and began making sexual advances towards the victim, who asked him to stop and tried to push defendant away. Ultimately, however, her efforts were to no avail, as defendant forcibly penetrated the victim, both digitally and with his penis. Having done these acts, defendant "acted like he hadn't done anything" and "went back to the casual attitude that he had before any of it started." (1 Tr. at 53). Defendant told the victim he would take her wherever she wanted to go. She asked to be taken to her friend's house.

STATE v. HARRIS

[140 N.C. App. 208 (2000)]

The victim's friend convinced her to go to the hospital and report the attack. An Asheville police officer testified a rape kit was taken so that it could be sent to the State Bureau of Investigation laboratory for investigation. A Reserve Deputy from Buncombe County Sheriff's Department later clarified the rape kit was never actually sent to the laboratory because there was no suspect kit for comparison since the defendant could not be located until a year and a half later.

[1] Defendant first contends the trial court improperly admitted evidence of his two prior rape convictions, in violation of Rule 404(b). Specifically, the State presented as witnesses C and I, who each testified to being raped by defendant in 1991 and 1994, respectively. The trial court admitted this testimony to show lack of consent by the victim involved here and to show a common plan or scheme.

Rule 404(b) prohibits the introduction of evidence of other crimes, wrongs, or acts to prove the character of a person in order to show he acted in conformity therewith. N.C.R. Evid. 404(b). However, such evidence may be admissible for other purposes, such as proof of motive, opportunity, intent, preparation or plan. *Id.* This Court has previously pointed out that "the list of exceptions contained in Rule 404(b) is not exclusive and that extrinsic evidence of conduct is admissible if 'relevant for [any] purpose other than to show that defendant has the propensity for the type of conduct for which he is being tried.' " *State v. Pruitt*, 94 N.C. App. 261, 266, 380 S.E.2d 383, 385 (quoting *State v. Morgan*, 315 N.C. 626, 637, 340 S.E.2d 84, 91 (1986)), *disc. review denied*, 325 N.C. 435, 384 S.E.2d 545 (1989). Moreover, in cases involving prior sex offenses, including rape, our courts have been markedly liberal in the admission of 404(b) evidence. *State v. Artis*, 325 N.C. 278, 299, 384 S.E.2d 470, 481 (1989), *vacated on other grounds*, 494 U.S. 1023, 108 L. Ed. 2d 604 (1990).

We first consider whether the evidence of defendant's prior rapes was admissible to show the victim's lack of consent. Earlier cases within our State suggested that evidence of prior rapes was admissible to show the victim's lack of consent. *See, e.g., State v. Parish*, 104 N.C. 679, 690, 10 S.E. 457, 461 (1889) (allowing evidence of prior rape on *same* victim to show lack of consent); *State v. Gainey*, 32 N.C. App. 682, 685, 233 S.E.2d 671, 673 (allowing evidence of prior rape on *another* victim to show, among other things, lack of consent), *disc. review denied*, 292 N.C. 732, 235 S.E.2d 786 (1977). However, more recent cases have established that this is not a proper purpose under Rule 404(b), especially if a different victim was involved in the prior

rape. *See, e.g., State v. Bailey*, 80 N.C. App. 678, 681, 343 S.E.2d 434, 436 (1986) ("[E]vidence of other non-consensual activity would not be relevant on the question of [the victim's] consent."); *State v. Pace*, 51 N.C. App. 79, 83-84, 275 S.E.2d 254, 256-57 (1981) (disallowing evidence of prior rape on another victim to show lack of consent). Pursuant to this more recent authority, the testimonies of C and I were thus inadmissible to show the victim's lack of consent, and the trial court erred by admitting them for that purpose.

We next consider whether this evidence was admissible to show a common plan or scheme. "When evidence of the defendant's prior sex offenses is offered for the proper purpose of showing plan, scheme, system, or design . . . the 'ultimate test' for admissibility has two parts: First, whether the incidents are sufficiently similar; and second, whether the incidents are too remote in time." *State v. Davis*, 101 N.C. App. 12, 18-19, 398 S.E.2d 645, 649 (1990), *disc. review denied*, 328 N.C. 574, 403 S.E.2d 516 (1991). Both parts are satisfied here. As to the first requirement, defendant displayed similar behavior here in comparison to his actions in the two prior rape cases. Specifically, in each situation, defendant befriended the women, took them to a secluded place, pinned the women down, became aggressive with them, sexually assaulted and raped them and afterwards acted like nothing had happened. And as to the second requirement, the two- and five-year gaps between the prior rapes and the present one are not so remote in time as to render the evidence inadmissible, especially considering defendant spent some of this time in prison after pleading guilty to these rapes. *See id.* at 20, 398 S.E.2d at 650 (holding ten-year-old conviction not too remote in time when defendant spent majority of this time in prison). We thus conclude the testimonies of C and I were admissible to show a common plan or scheme.

Furthermore, because the evidence was admissible for a proper purpose (to show a common plan or scheme), the trial court's error in admitting that same evidence for an improper purpose (lack of consent) is rendered non-prejudicial. *See State v. Haskins*, 104 N.C. App. 675, 683, 411 S.E.2d 376, 383 (1991) ("Although it is error to admit other crimes evidence for a purpose not supported in the evidence, the error cannot prejudice defendant when the same other crimes evidence is admitted for a purpose which is supported in the evidence."), *disc. review denied*, 331 N.C. 287, 417 S.E.2d 256 (1992). We thus reject defendant's first argument.

[2] Defendant next argues the trial court erred in submitting the offense of second-degree kidnapping for the jury's consideration because there was insufficient evidence of the element of confinement or restraint. Kidnapping, whether in the first or second degree, requires the unlawful restraint or confinement of a person for the purpose of committing a felony. N.C. Gen. Stat. § 14-39(a)(2) (1999). The unlawful restraint must be an act independent of the intended felony. *State v. Mebane*, 106 N.C. App. 516, 532, 418 S.E.2d 245, 255, *disc. review denied*, 332 N.C. 670, 424 S.E.2d 414 (1992). Thus, here, defendant's restraint of the victim must have been independent of the alleged rape, second-degree sex offense, or crime against nature. The test of the independence of the act is "whether there was substantial evidence that the defendant[] restrained or confined the victim separate and apart from any restraint necessary to accomplish the acts of rape[, statutory sex offense, or crime against nature]." *Id*. We conclude there was sufficient evidence of an independent act here.

Significantly, the requisite restraint need not be accomplished solely by physical force. *State v. Murphy*, 280 N.C. 1, 6, 184 S.E.2d 845, 848 (1971). It may also be accomplished by trickery or by "fraudulent representations amounting substantially to a coercion of the will" of the victim. *Id*. Here, the evidence permitted a reasonable inference that defendant fraudulently coerced the victim into remaining with him in the car so that he could drive to a secluded place (the cemetery), get high on marijuana, and then sexually assault her. In other words, the requisite restraint here was not defendant's subsequent assault of the victim but his initial act of coercing her to go to the cemetery. We therefore conclude the trial court did not err in submitting the second-degree kidnapping charge to the jury. *See also State v. Sexton*, 336 N.C. 321, 364-65, 444 S.E.2d 879, 903-04 (stating element of restraint was satisfied when defendant used trickery in order to get a ride from the victim), *cert. denied*, 513 U.S. 1006, 130 L. Ed. 2d 429 (1994); *State v. Strudivant*, 304 N.C. 293, 307, 283 S.E.2d 719, 729 (1981) (upholding kidnapping conviction when "defendant's chicanery directly induced the victim to remain in her car in a rural, deserted location").

[3] In another assignment of error, defendant argues the trial court erred in instructing the jury on a theory of guilt of second-degree kidnapping not specifically alleged in the indictment. The State is held to proof of the felonious purpose alleged in the indictment, and the jury cannot convict a defendant on a theory different than the one alleged in the indictment. *State v. Joyner*, 301 N.C. 18, 30, 269 S.E.2d 125, 133

(1980). Here, the indictment alleged defendant kidnapped the victim for the purpose of committing the felony of rape. The trial judge instructed the jury, however, that it could convict defendant if it found defendant kidnapped the victim for the purpose of committing the felonies of rape, second-degree sex offense, or crime against nature. By adding two additional theories of conviction not alleged in the indictment, the trial court's instructions were erroneous. *See id.* (holding instruction was error because it added an additional theory of felonious intent for the jury's consideration).

Nonetheless, we conclude the error was harmless. Significantly, defendant never objected to these instructions at trial. Accordingly, the erroneous instruction is only reviewable for plain error. *State v. Raynor*, 128 N.C. App. 244, 247, 495 S.E.2d 176, 178 (1998). Under that standard, defendant must show that "absent the erroneous instruction, a jury would not have found him guilty of the offense charged." *Id.* Here, defendant has not made the requisite showing. The evidence shows defendant committed or attempted to commit rape, a statutory sex offense, and crime against nature—and the jury convicted him as to all three. "The evidence therefore that he intended to commit [only] one of these crimes [at the time of the kidnapping] is no weaker or stronger than the evidence that he intended to commit the other[s]. . . . Under these circumstances we are satisfied that the result would have been the same on the [kidnapping] charge had the judge limited the jury's consideration on the [felonious purpose] element to [rape] as charged in the indictment." *Joyner*, 301 N.C. at 30, 269 S.E.2d at 133.

**[4]** Next, defendant contends the trial court erred in its jury instruction on one of the elements of second-degree statutory sex offense, namely the requirement that defendant commit some "sexual act." Under our statutes, "sexual act" does not include the act of vaginal intercourse. N.C. Gen. Stat. § 14-27.1(4) (1999). This is so because vaginal intercourse forms the basis for rape, whereas statutory sex offenses are based upon *other* sexual acts, such as the alleged digital penetration. *See generally State v. Speller*, 102 N.C. App. 697, 705, 404 S.E.2d 15, 19 (pointing out the distinction between statutory sex offenses and rape), *disc. review denied*, 329 N.C. 503, 407 S.E.2d 548 (1991).

Here, the trial court instructed the jury that "sexual act" encompassed "any penetration, however slight, by an object into the genital opening of a person's body." (2 Tr. at 534). Because defendant's penis could serve as the "object" of penetration under this definition,

defendant claims the court's instruction allowed the jury to base its conviction for second-degree sex offense on the same act that it did for rape, i.e. vaginal intercourse. Although we acknowledge that the trial court should have explicitly excluded vaginal intercourse from its definition of "sexual act," we conclude any error did not prejudice defendant.

In fact, we rejected a similar argument in *Speller*. In that case, the trial judge there defined "sexual act" as either "(1) anal intercourse, the penetration of the anus of one person by the *male sexual organ* of another, or (2) the penetration by an *object* into the genital opening of a person's body." *Id.* at 705, 404 S.E.2d at 19-20 (emphasis added). This Court concluded that, because the trial court explicitly distinguished between "male sexual organ" in the first part of the instruction and "object" in the second part, there was "no reasonable possibility that a juror would incorrectly equate the two" as both referring to defendant's penis. *Id.* at 705, 404 S.E.2d at 20.

In the present case, the trial court also explicitly distinguished between "male sex organ" and "object." In its instruction on rape, the trial court defined that offense as "penetration, however slight, of the female sex organ by the male sex organ." (2 Tr. at 533). Immediately following this instruction, the court instructed on the sex offense charge, defining "sexual act" as outlined above. Although technically incomplete, we conclude these instructions were sufficient to differentiate between the two offenses so that the jury understood it was to consider the vaginal intercourse for purposes of the rape charge and the digital penetration for purposes of the sex offense charge.

[5] In another argument, defendant asserts his short-form indictments as to rape and the sex offense were defective because they failed to specifically allege all the elements of each offense. Both our legislature and our courts have endorsed the use of short-form indictments for rape and sex offenses, even though such indictments do not specifically allege each and every element. N.C. Gen. Stat. § 15-144.1 (1999) (outlining requirements for rape indictment); N.C. Gen. Stat. § 15-144.2(a) (outlining requirements for sex offense indictment); *State v. Edwards*, 305 N.C. 378, 380, 289 S.E.2d 360, 362 (1982) (upholding short-form indictments for sex offenses); *State v. Lowe*, 295 N.C. 596, 604, 247 S.E.2d 878, 883-84 (1978) (upholding short-form indictments for rape).

Nonetheless, defendant counters that the recent United States Supreme Court case of *United States v. Jones*, 526 U.S. 227,

143 L. Ed. 2d 311 (1999), has effectively overruled this precedent by affirmatively requiring all indictments to specifically allege each element of the offense. The North Carolina Supreme Court has recently rejected a similar argument, pointing out that *Jones* only dealt with the federal pleading requirements under the Due Process Clause of the Fifth Amendment; it in no way dealt with the state pleading requirements under the Due Process Clause of the Fourteenth Amendment. *State v. Wallace*, 351 N.C. 481, 508, 528 S.E.2d 326, 343 (2000). The *Jones* Court even stated the limited nature of its holding: "[O]ur decision today does not announce any new principle of constitutional law, but merely interprets a particular federal statute in light of a set of constitutional concerns that have emerged through a series of our decisions over the past quarter century." *Jones*, 526 U.S. at 252 n.11, 143 L. Ed. 2d at 331 n.11. We therefore summarily reject defendant's argument.

[6] Finally, defendant argues the trial court erred by refusing to allow defendant to impeach the State's primary witness, the victim, with her prior convictions. Defendant sought to introduce the victim's prior 1975 and 1976 convictions for interstate transportation of stolen property, interstate transaction of false security, and embezzlement by an employee to show dishonesty and to impeach the victim's credibility. Defendant argues the witness' credibility should have been explored thoroughly because the determination of defendant's guilt was primarily based on the credibility of this one witness.

Our Rules of Evidence provide that any evidence of convictions more than ten years old for the purpose of attacking a witness' credibility is not admissible "unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect." N.C.R. Evid. 609(b). Rule 609(b) essentially establishes a rebuttable presumption that such convictions are more prejudicial than probative of a witness' character for credibility and therefore should not be admitted into evidence. *State v. Farris*, 93 N.C. App. 757, 761, 379 S.E.2d 283, 285 (1989). This balancing of the probative value and prejudicial effect necessarily involves some exercise of discretion by the trial court, and the trial court's ultimate determination will not be upset absent a manifest abuse of that discretion. *See State v. Moul*, 95 N.C. App. 644, 646, 383 S.E.2d 429, 431 (1989) ("We find that the trial court did not abuse its discretion in refusing to allow the admission of defendant's [fourteen-year-old] conviction at trial."); *see also United States v. Payton*, 159 F.3d 49, 57 (2d Cir. 1998) (setting

forth abuse of discretion standard for federal counterpart to Rule 609). We find no such abuse here.

In the present case, defendant was repeatedly allowed to attack the victim's credibility during the trial, thereby reducing the probative value of the prior convictions from 1975 and 1976. For example, the jury heard about the victim's earlier conviction and imprisonment for possession of stolen goods, other various larceny offenses, a guilty plea to providing false information to police, her use of various aliases, dates of birth, and social security numbers under different names, and defense counsel's unconfirmed suggestions to the witness that she had a history of cocaine and alcohol abuse. Furthermore, defendant made the jury aware of the victim's past criminal record, focusing repeatedly during cross-examination without objection on multiple supposed inconsistencies in her statements to police and her testimony at trial. In light of all these other facts elicited about the victim's background, the probative value of the stale convictions was slight. We therefore uphold the trial court's determination.

In sum, we conclude the defendant received a fair trial, free from prejudicial error.

No prejudicial error.

Judges WALKER and HUNTER concur.