STATE OF NORTH CAROLINA v. TODD JOSEPH MARTIN

No. COA11-941

(Filed 7 August 2012)

### 1. Evidence—expert witness testimony—not necessary

The trial court did not err in a first-degree sexual offense, second-degree sexual offense, and first-degree kidnapping case by refusing to allow defendant's witness to testify as an expert and testify in his defense. The trial court stated that it was not limiting defendant's ability to expose inconsistences in the evidence and argue them to the jury, but expert testimony was not necessary to do so.

### 2. Constitutional Law—double jeopardy—multiple punishments for same offense

The trial court violated defendant's right against double jeopardy by entering judgment for first-degree kidnapping, first-degree sexual offense, and second-degree sexual offense. The case was remanded so that the trial court could arrest judgment on the first-degree kidnapping conviction.

**3. Sexual Offenses—denial of requested instruction—lesser-included offense of assault on female**

The trial court did not err by denying defendant's request for an instruction on assault on a female as a lesser-included offense. As defendant was found not guilty of first-degree rape, defendant could not establish prejudice. Further, assault on a female is not a lesser-included offense of first-degree sexual offense.

**4. Appeal and Error—argument not reached—judgment vacated**

Although defendant contended that that the trial court erred by instructing the jury that it could find defendant guilty of first-degree kidnapping if it determined that the victim was not released in a safe place, this argument was not reached because defendant's conviction for first-degree kidnapping was vacated.

Appeal by defendant from judgment entered 7 January 2011 by Judge Benjamin G. Alford in Carteret County Superior Court. Heard in the Court of Appeals 14 December 2011.

*Attorney General Roy Cooper, by Assistant Attorney General Sarah Y. Meacham, for the State.*

*Ryan McKaig for defendant-appellant.*

BRYANT, Judge.

Where the trial court did not abuse its discretion in denying the admission of testimony from a witness defendant proffered for qualification as an expert, we hold no error. Where the restraint of the victim did not extend beyond that inherent in the commission of the sexual assaults and the assault by strangulation, the trial court erred in entering judgment against defendant on the charge of first-degree kidnapping. And, where defendant was not entitled to an instruction on assault on a female as a lesser included offense, we hold no error.

On 3 November 2008, a Carteret County Grand Jury indicted defendant Todd Martin on charges of attempted first-degree murder, assault by strangulation, first-degree kidnapping, first-degree rape, and two counts of first-degree sexual offense. Defendant was initially tried before a jury in Carteret County Superior Court in November 2009. The jury reached a verdict on only one offense, finding defendant guilty of assault by strangulation. The trial court declared a mistrial on the remaining charges. A second trial on the remaining charges was commenced on 3 January 2011.

The evidence admitted during the second trial tended to show the following: defendant and Mary[1] began dating in December 2003 and married in July 2004. The marital union bore two children ages five and three at the time of the second trial. On 11 August 2008, the couple separated. Mary informed defendant during a marital counseling session that she wanted a divorce. Defendant agreed to move out of their home and stay with a friend, though he retained a key to the residence.

Mary testified that on 18 August 2008, defendant joined her and their two children for dinner at their home. After dinner, defendant left. Later that night, Mary awoke to find defendant asleep on the floor beside her bed; "[h]e wasn't wearing anything." Defendant was told that he could not stay. Mary testified that defendant climbed onto the bed, held her down while she struggled, restrained her with novelty handcuffs, forced her to perform fellatio, removed her shorts, forcibly penetrated her vagina and anus with his penis, threatened to kill her and put her body in a pond near the house, and choked her until she passed out.

After the assault, defendant lay on the bed and fell asleep. At 3:00 a.m., Mary woke her children and drove to a friend's house.

Defendant testified that after dinner he did go back to Mary's house and fell asleep on the bedroom floor. During the night, Mary woke him, and they talked about their relationship and their future. Mary told him that she wanted him back in the house, in her life, and in the lives of their children. Defendant testified that during the early morning hours of 19 August 2008, Mary agreed to reconcile, and they engaged in consensual oral, vaginal, and anal sex. They used handcuffs, and defendant testified that everything they did, they had done on various occasions before. Defendant described the encounter as passionate "make-up sex."

Defendant testified that afterwards, as they continued to talk, defendant "came clean" and admitted he had been talking to another woman. Defendant testified that Mary became very angry and threatened to take the kids away and report his behavior to the Marine Corps. Defendant admitted to grabbing Mary around her neck and choking her for several seconds. Defendant testified that when he released Mary, he said, "if you keep f***ing around I'll put your ass in that pond." Defendant said he fell asleep, and when he woke up a few hours later, Mary and the children were gone.

---

1. We use the pseudonym "Mary" to protect the victim's identity.

The jury found defendant guilty of first-degree sexual offense, second-degree sexual offense, and first-degree kidnapping. Judgment was entered in accordance with the jury verdict, and defendant was sentenced to an active term of 288 to 355 months for first-degree sexual offense, 100 to 129 months for second-degree sexual offense, and 100 to 129 months for first-degree kidnapping, all sentences to run consecutively. Defendant appeals.

---

On appeal, defendant raises the following issues: whether the trial court erred in (I) excluding the testimony of defendant's proposed expert witness; (II) entering judgment in violation of the double jeopardy clause of the Fifth Amendment; (III) declining to instruct the jury on assault on a female; and (IV) instructing the jury on a theory not supported by the indictment or the evidence.

*I*

**[1]** Defendant first argues the trial court erred in refusing to allow defendant's witness to testify as an expert and testify in his defense. We disagree.

"If scientific, technical or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion, or otherwise . . . ." N.C. Gen. Stat. § 8C-1, Rule 702 (2011). "North Carolina case law requires only that the expert be better qualified than the jury as to the subject at hand, with the testimony being 'helpful' to the jury." *State v. Davis*, 106 N.C. App. 596, 601, 418 S.E.2d 263, 267 (1992) (citation omitted). "Furthermore, the trial judge is afforded wide latitude of discretion when making a determination about the admissibility of expert testimony." *State v. Bullard*, 312 N.C. 129, 140, 322 S.E.2d 370, 376 (1984).

"When reviewing the ruling of a trial court concerning the admissibility of expert opinion testimony, the standard of review for an appellate court is whether the trial court committed an abuse of discretion." *State v. Ward*, 364 N.C. 133, 139, 694 S.E.2d 738, 742 (2010) (citing *Howerton v. Arai Helmet, Ltd.*, 358 N.C. 440, 458, 597 S.E.2d 674, 686 (2004)). "A trial court may be reversed for abuse of discretion only upon a showing that its ruling was manifestly unsupported by reason and could not have been the result of a reasoned decision." *State v. Riddick*, 315 N.C. 749, 756, 340 S.E.2d 55, 59 (1986) (citations omitted). "[I]n North Carolina[,] expert testimony on the credibility of

a witness is inadmissible[.]" *Davis*, 106 N.C. App. at 602, 418 S.E.2d at 267 (citations omitted). "When the jury is in as good a position as the expert to determine an issue, the expert's testimony is properly excludable because it is not helpful to the jury." *Braswell v. Braswell*, 330 N.C. 363, 377, 410 S.E.2d 897, 905 (1991) (citation omitted).

Here, defendant proffered Brent Turvey, a forensic scientist and criminal profiler, for qualification as an expert. During *voir dire*, Turvey identified what he considered inconsistences in the victim's version of events leading up to and during the alleged sexual assaults and evidence consistent with what he described as "investigative red flags."

After defendant's voir dire, the trial court stated that it

> has reviewed [Turvey's] forensic examination, and from all of that this Court can only conclude that the defendant seeks through Mr. Turvey to offer certain opinions about the investigation that was done in this case about which expert testimony is not needed. He also seeks in his opinions to invade the province of the jury. He also seeks to offer opinions on the evidence involving the credibility of certain witnesses and other evidence, which is totally, totally within the province of the jury; and we don't need expert testimony to show inconsistencies in the evidence, and as such and for other reasons, this Court will not permit the admission of that testimony or his admission as an expert witness.

In response to defendant's objections, the trial court stated that it was not limiting defendant's ability to expose inconsistences in the evidence and argue them to the jury but expert testimony was not necessary to do so.

> [The trial court is] certainly not going to let somebody else come in here and say what the [] [p]olice should have done or shouldn't have done. You brought that out and I'm happy for you to argue that to the jury in your final argument about the inconsistencies that exist, and there are inconsistencies in this case. But nobody needs an expert to shows [sic] those inconsistencies.

Here, Turvey's testimony, offered to discredit the victim's account of defendant's action that night, and to comment on the manner in which the criminal investigation was conducted appears to invade the province of the jury. Nevertheless, the trial court specifically acknowledged defendant's objections by stating that defendant

would still be allowed to argue the inconsistencies he observed in the State's evidence. Thus, we hold the trial court did not abuse its discretion by excluding the testimony of defendant's expert witness. Accordingly, defendant's argument is overruled.

## II

[2] Defendant next argues the trial court violated his right against double jeopardy by entering judgment as to first-degree kidnapping, first-degree sexual offense, and second-degree sexual offense. We agree.

We note that defendant failed to object before the trial court to the sentence now contested on appeal. "Generally, a defendant's failure to enter an appropriate and timely motion or objection results in a waiver of his right to assert the alleged error upon appeal." *State v. McDougall*, 308 N.C. 1, 9, 301 S.E.2d 308, 314 (1983) (citations omitted). "Even alleged errors arising under the Constitution of the United States are waived if defendant does not raise them in the trial court." *State v. Haselden*, 357 N.C. 1, 10, 577 S.E.2d 594, 600 (2003) (citations and quotations omitted). However, our General Assembly has listed under General Statutes, section 15A-1446(d), "[e]rrors . . . which are asserted to have occurred, [that] may be the subject of appellate review even though no objection, exception or motion has been made in the trial division." N.C. Gen. Stat. § 15A-1446 (d) (2011). Pursuant to section 15A-1446(d)(18), such an error occurs where "[t]he sentence imposed was unauthorized at the time imposed, exceeded the maximum authorized by law, was illegally imposed, or is otherwise invalid as a matter of law." N.C. Gen. Stat. § 15A-1446(d)(18) (2011).

While General Statutes section 15A-1446(d) lists grounds wherein errors are preserved for appellate review as a matter of law, our Supreme Court has held that "[t]he Constitution of North Carolina provides that '[t]he Supreme Court shall have exclusive authority to make rules of practice and procedure for the Appellate Division.' N.C. Const. Art. IV § 13 (2)." *State v. Elam*, 302 N.C. 157, 160, 273 S.E.2d 661, 664 (1981). "Pursuant to said constitutional authority our Supreme Court promulgated the Appellate Rules of Procedure." *State v. O'Neal*, 77 N.C. App. 600, 603, 335 S.E.2d 920, 923 (1985) (citing *Elam*, 302 N.C. 157, 273 S.E.2d 661). Considering our Rules of Appellate Procedure, "[w]here there have been conflicts between subsections of G.S. 15A-1446 and Rule 10[—Preservation of issues at trial; proposed issues on appeal], the North Carolina Supreme Court has unequivocally stated that the Rules of Appellate Procedure should control." *Id.* (citing *Elam*, 302 N.C. at 160, 273 S.E.2d at 664).

Rule 10(a) provides generally that an issue may not be reviewed on appeal if it was not properly preserved at the trial level or unless the alleged error has been "deemed preserved" "by rule or law." N.C. R. App. P. 10(a)(1). Here subdivision [N.C.G.S. § 15A-1446](d)(18) states that an argument that "[t]he sentence imposed was unauthorized at the time imposed, exceeded the maximum authorized by law, was illegally imposed, or is otherwise invalid as a matter of law" may be reviewed on appeal even without a specific objection before the trial court. This provision does not conflict with any specific provision in our appellate rules and operates as a "rule or law" under Rule 10(a) (1), which permits review of this issue.

*State v. Mumford*, 364 N.C. 394, 403, 699 S.E.2d 911, 917 (2010); *see also State v. Moses*, 205 N.C. App. 629, 698 S.E.2d 688 (2010) (holding the defendant's double jeopardy argument preserved pursuant to N.C. Gen. Stat. § 15A-1446(d)(18) (2009)). Thus, we address defendant's argument.

"The Double Jeopardy Clause protects against (1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense." *State v. Gardner*, 315 N.C. 444, 451, 340 S.E.2d 701, 707 (1986) (citations omitted). Jeopardy attaches "when a defendant in a criminal prosecution is placed on trial: (1) on a valid indictment or information, (2) before a court of competent jurisdiction, (3) after arraignment, (4) after plea, and (5) when a competent jury has been empaneled and sworn." *State v. Lee*, 51 N.C. App. 344, 348, 276 S.E.2d 501, 504 (1981) (quoting *State v. Shuler*, 293 N.C. 34, 42, 235 S.E.2d 226, 231 (1977)).

Defendant contends that the trial court erred by entering verdicts of guilty on the charges of first-degree sexual offense, second-degree sexual offense and first-degree kidnapping in violation of defendant's Fifth Amendment right against double jeopardy. Specifically, defendant alleges that by entering judgments against him for first-degree kidnapping and either of the sexual assaults or the assault by strangulation, the trial court subjected defendant to multiple punishments for the same offense. Defendant requests that we remand the case so that the trial court can arrest judgment as to either the kidnapping conviction or the sexual offense convictions, as the conviction for strangulation was entered in the prior proceeding.

The State concedes the possibility that defendant was subjected to double jeopardy and requests that the matter be remanded for re-sentencing.

The elements of kidnapping are: (1) confining, restraining, or removing from one place to another; (2) any person sixteen years or older; (3) without such person's consent; (4) if such act was for the purposes of facilitating the commission of a felony." *See* N.C. Gen. Stat. § 14–39(a)(2) (2009). This Court has previously held that "the offense of kidnapping under N.C. Gen. Stat. § 14–39 is a single continuing offense, lasting from the time of the initial unlawful confinement, restraint or removal until the victim regains his or her free will." *State v. White,* 127 N.C. App. 565, 571, 492 S.E.2d 48, 51 (1997). Kidnapping in the first-degree occurs when "the defendant does not release the victim in a safe place or the victim is seriously injured or sexually assaulted." *State v. Morgan,* 183 N.C. App. 160, 166, 645 S.E.2d 93, 99 (2007) (citing N.C. Gen. Stat. § 14–39(b) (2005)).

In situations involving both kidnapping and sexual offense, "[t]he restraint of the victim must be a complete act, independent of the sexual offense." *State v. Oxendine,* 150 N.C. App. 670, 676, 564 S.E.2d 561, 566 (2002) (citation omitted).

> It is self-evident that certain felonies (e.g., forcible rape and armed robbery) cannot be committed without some restraint of the victim. [our Supreme Court has held] that G.S. 14-39 was not intended by the Legislature to make a restraint, which is an inherent, inevitable feature of such other felony, also kidnapping so as to permit the conviction and punishment of the defendant for both crimes. . . . We construe the word "restrain," as used in G.S. 14-39, to connote a restraint separate and apart from that which is inherent in the commission of the other felony.

*State v. Ripley,* 360 N.C. 333, 337, 626 S.E.2d 289, 292 (2006) (citing *State v. Fulcher,* 294 N.C. 503, 523, 243 S.E.2d 338, 351 (1978)). "The test of the independence of the act is 'whether there was substantial evidence that the defendant restrained or confined the victim separate and apart from any restraint necessary to accomplish the acts of rape[, statutory sex offense, or crime against nature].'" *State v. Harris,* 140 N.C. App. 208, 213, 535 S.E.2d 614, 618 (2000) (quoting *State v. Mebane,* 106 N.C. App. 516, 532, 418 S.E.2d 245, 255 (1992)) (brackets omitted). Further, "[t]he test . . . does not look at the restraint necessary to commit an offense, rather the restraint that is inherent in the actual commission of the offense." *State v. Williams,* 308 N.C. 339, 347, 302 S.E.2d 441, 447 (1983).

In *State v. Harris,* we held that there was restraint independent of the underlying felony where the defendant fraudulently coerced the victim into remaining with him in a car so that he could drive her to a secluded place and sexually assault her. 140 N.C. App. at 213, 535 S.E.2d at 618; *see also State v. McKenzie,* 122 N.C. App. 37, 46, 468 S.E.2d 817, 824–25 (1996) (separate and independent restraint found where defendant grabbed victim in front hallway, took victim to bedroom, bound her hands, covered her head with a pillowcase, shut blinds, and rummaged through apartment prior to rape). However, here, the evidence tended to show that defendant restrained Mary solely for the purpose of committing sexual assaults and strangulation. The evidence did not indicate that defendant's restraint of Mary extended beyond the restraint necessary to commit the sexual assaults and the strangulation. Therefore, the restraint operated as an inherent part of the sexual offenses and the assault by strangulation and cannot satisfy the element within the kidnapping statute. *See Ripley,* 360 N.C. at 337, 626 S.E.2d at 292. Accordingly, we must vacate the judgment convicting defendant of first-degree kidnapping.

## III

[3] Next, defendant contends the trial court erred in denying his request for an instruction on assault on a female as a lesser included offense. We disagree.

First, we note that during the charge conference, defendant requested an instruction on assault on a female as a lesser included offense of first-degree rape. Defendant's request was denied and the trial court noted defendant's objection for the record. Later, the trial court instructed the jury, as follows: "[D]efendant has been charged with first degree rape. Under the law and evidence in this case it's your duty to return one of the following verdicts: Number 1, guilty of first degree rape; Number 2, guilty of second degree rape; or Number 3, not guilty." On this charge, the jury returned a verdict of not guilty. As defendant was found not guilty, defendant cannot establish prejudice as a result of the trial court's failure to instruct the jury on the charge of assault on a female as a lesser included offense of first-degree rape.

On appeal to this Court, defendant contends that an instruction on assault on a female should have been given as a lesser included offense in the charge of the two counts of first-degree sexual offense, though defendant acknowledges that our Supreme Court has previously held that assault on a female is not a lesser included offense of

first-degree sexual offense. *See State v. Bagley*, 321 N.C. 201, 210, 362 S.E.2d 244, 249 (1987) ("In order for a defendant to be convicted of assault on a female, the evidence must establish, *inter alia*, that the victim is a female, that the defendant is a male, and that he is at least eighteen years of age. N.C.G.S. § 14-33(b)(2) (1986) [currently codified under § 14-33(c)(2) (2011)]. To convict for first-degree sexual offense, however, it need not be shown that the victim is a female, that the defendant is a male, or that the defendant is at least eighteen years of age. N.C.G.S. § 14-27.4 (1986) [(currently codified under § 14–27.4(a))]. Therefore, the crime of assault on a female has at least three elements not included in the crime of first-degree sexual offense and cannot be a lesser included offense of first-degree sexual offense." (citing *State v. Weaver*, 306 N.C. 629, 635, 295 S.E. 2d 375, 379 (1982))), cited in *State v. Brunson*, 187 N.C. App. 472, 653 S.E.2d 552 (2007). Accordingly, defendant's argument is overruled.

*IV*

**[4]** Lastly, defendant argues that the trial court erred by instructing the jury that it could find defendant guilty of first-degree kidnapping if it determined, *inter alia*, that the victim was not released in a safe place, because this element was not included in the indictment nor was there evidence in the record to support it. As we hold *supra* that defendant's conviction for first-degree kidnapping must be vacated, we need not reach this argument.

No error in part; vacated in part.

Judges CALABRIA and STROUD concur.