STROUD, Judge.
 

 *441
 
 Defendant appeals judgment convicting him of second degree sexual offense and second degree kidnapping. For the following reasons, we conclude there was no error.
 

 I. Background
 

 The State's evidence tended to show that in August of 2005, Marie
 
 [1]
 
 contacted defendant to look at a rental property. Defendant arranged to meet Marie and drove her to the rental house. After they went inside for Marie to look at the house, defendant grabbed Marie by the throat and began kissing her neck and breasts. Defendant moved Marie from the hallway to a bedroom with his hands on her throat and threw her onto a bed. Defendant ripped off Marie's pants and placed his fingers inside her vagina. Defendant tried to get Marie to perform oral sex on him, but she refused. Marie tried to get away from defendant after they left the house, but she ended up riding with defendant to return home. After Marie got back home, she told her mother what had happened and Marie's mother called the police. While she was speaking with the police at her home, defendant called Marie asking, "Are you mad at me?" and saying, "[I]f you meet me somewhere ... I will pay you to keep your mouth shut." After a trial by jury, defendant was convicted of second degree sexual offense and second degree kidnapping.
 
 [2]
 
 Defendant appeals.
 

 II. Mistrial
 

 During defendant's trial Sergeant Carl Duncan stated, "She's been reliable to me[,]" in regards to his prior interactions with Marie. The defense objected to this statement, and the trial court sustained the objection. Defendant contends that "the trial court erred in failing to declare a mistrial
 
 ex mero motu
 
 after Officer Duncan improperly vouched for the credibility of the prosecuting witness." (Original in all caps.)
 

 *442
 
 The decision to grant a mistrial is within the trial court's discretion. This is particularly true where, as here, defendant has not moved for a mistrial. A mistrial may be granted only when the case has been prejudiced at trial to such an extent that a fair and impartial verdict is impossible. A trial court's decision regarding a motion for mistrial will not be disturbed on appeal unless the trial court clearly has abused its discretion.
 

 *465
 

 State v. Jaynes
 
 ,
 
 342 N.C. 249
 
 , 279,
 
 464 S.E.2d 448
 
 , 467 (2005) (citations omitted).
 

 Even assuming
 
 arguendo
 
 that Sergeant Duncan "vouched for the credibility of the prosecuting witness[,]" his statement, which was both objected to and sustained, did not prejudice defendant such "that a fair and impartial verdict is impossible."
 

 Id.
 

 ("In the present case, the trial court sustained each of defendant's three objections. As a result, no evidence prejudicial to defendant was introduced in response to the prosecutor's questions concerning defendant's alleged prior crimes or convictions. The trial court's actions were sufficient to remedy any possible harm resulting from the mere asking of the three questions by the prosecutor. The trial court did not err by failing to declare a mistrial. This assignment of error is overruled.") This argument is overruled.
 

 III. Motion to Dismiss
 

 Defendant next argues that "the trial court erred in denying the motion to dismiss the kidnapping charge, when the evidence was insufficient to prove that any confinement or restraint was separate and apart from the force necessary to facilitate the sex offense." (Original in all caps.)
 

 The standard of review for a motion to dismiss is well known. A defendant's motion to dismiss should be denied if there is substantial evidence of: (1) each essential element of the offense charged, and (2) of defendant's being the perpetrator of the charged offense. Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support a conclusion. The Court must consider the evidence in the light most favorable to the State and the State is entitled to every reasonable inference to be drawn from that evidence.
 

 State v. Johnson
 
 ,
 
 203 N.C.App. 718
 
 , 724,
 
 693 S.E.2d 145
 
 , 148 (2010) (citations and quotation marks omitted).
 

 *443
 
 The elements of kidnapping are: (1) confining, restraining, or removing from one place to another; (2) any person sixteen years or older; (3) without such person's consent; (4) if such act was for the purposes of facilitating the commission of a felony. This Court has previously held that the offense of kidnapping under
 
 N.C. Gen. Stat. § 14-39
 
 is a single continuing offense, lasting from the time of the initial unlawful confinement, restraint or removal until the victim regains his or her free will. ...
 

 In situations involving both kidnapping and sexual offense, the restraint of the victim must be a complete act, independent of the sexual offense.
 

 It is self-evident that certain felonies (e.g., forcible rape and armed robbery) cannot be committed without some restraint of the victim. [O]ur Supreme Court has held that G.S. 14-39 was not intended by the Legislature to make a restraint, which is an inherent, inevitable feature of such other felony, also kidnapping so as to permit the conviction and punishment of the defendant for both crimes. We construe the word restrain, as used in G.S. 14-39, to connote a restraint separate and apart from that which is inherent in the commission of the other felony.
 

 The test of the independence of the act is whether there was substantial evidence that the defendant restrained or confined the victim separate and apart from any restraint necessary to accomplish the acts of rape, statutory sex offense, or crime against nature. Further, the test does not look at the restraint necessary to commit an offense, rather the restraint that is inherent in the actual commission of the offense.
 

 State v. Martin
 
 ,
 
 222 N.C.App. 213
 
 , 220-21,
 
 729 S.E.2d 717
 
 , 723 (2012) (citations, quotation marks, ellipses, and brackets omitted). Furthermore, our Supreme Court has clarified that "[t]he key question is whether the victim is exposed to greater danger than that inherent in the [charged offense] itself or subjected to the kind of danger and abuse the kidnapping statute was designed to prevent."
 
 State v. Johnson
 
 ,
 
 337 N.C. 212
 
 , 221,
 
 446 S.E.2d 92
 
 , 98 (1994) (citation and quotation marks omitted).
 

 *444
 
 Both defendant and the State cite numerous cases turning on small factual nuances to determine whether the restraint in each particular case was independent from or an inherent part of each crime at issue. Such small distinctions are not necessary in this
 
 *466
 
 particular case, since Marie testified that after defendant committed his sexual offenses against her she wanted to "take [off] running[,]" but defendant ordered her to " '[f]ix [herself] up' " and told her " 'this is going to be our secret.' " Marie walked out of the room "speed walking" and defendant told her, " 'You better slow down.' " Marie then decided she was "going to cooperate just so I can get back-just Lord get me back-get me back to my mama." Marie had no other way to get home, since she had ridden with defendant, and defendant had already told her not to try to walk away from him. Defendant and Marie then got into defendant's car. While defendant did ultimately drive Marie back to her home, defendant also forced Marie to get into a car with him immediately after he had sexually assaulted her. Forcing Marie to ride in his car is exactly "the kind of danger and abuse the kidnapping statute was designed to prevent" and "exposed [her] to greater danger" than that inherent in the sexual offenses, and thus the State did show sufficient evidence of the element of restraint for the charge of second degree kidnapping to proceed to the jury.
 

 Id.
 

 ;
 
 see also
 

 State v. Boyce
 
 ,
 
 361 N.C. 670
 
 , 674-75,
 
 651 S.E.2d 879
 
 , 882-83 (2007) ("The State's evidence in the present case sufficiently established that defendant prevented the victim's escape by pulling her back into her residence before the onset of the robbery with a dangerous weapon. This restraint and removal was a distinct criminal transaction that facilitated the accompanying felony offense and was sufficient to constitute the separate crime of kidnapping under North Carolina law. That the victim was removed just a short distance and only momentarily before the robbery is irrelevant, as this Court long ago dispelled the importance of distance and duration.") Therefore, this argument is overruled.
 

 IV. Conclusion
 

 For the foregoing reasons, we conclude there was no error.
 

 NO ERROR.
 

 Judges ELMORE and DIETZ concur.
 

 [1]
 

 A pseudonym will be used.
 

 [2]
 

 The trial court arrested judgment for a first degree kidnapping conviction.