STATE OF NORTH CAROLINA v. DARYL W. HENSLEY

No. 8417SC1326

(Filed 1 October 1985)

1. **Criminal Law § 86.2— cross-examination of defendant—prior convictions over ten years old—harmless error**

The trial court erred in allowing the State to cross-examine defendant concerning four convictions more than ten years old where the court failed to

make findings regarding the specific facts and circumstances which demonstrate that the probative value of such evidence outweighs the prejudicial effect as required by G.S. 8C-1, Rule 609(b). However, such error was not reversible error where defendant was properly impeached with evidence of seven other convictions before the State brought up the inadmissible convictions.

**2. Criminal Law § 26.5— breaking or entering and larceny pursuant to breaking or entering—no double jeopardy**

Conviction of defendant for breaking or entering and for felonious larceny pursuant to the breaking or entering did not violate defendant's right against double jeopardy.

**3. Criminal Law § 138— use of same evidence for two aggravating factors**

Where the trial court found the statutory aggravating factor that defendant had prior convictions for offenses punishable by more than sixty days confinement and also found nonstatutory aggravating factors relating to specific prior offenses, defendant is entitled to a new sentencing hearing since it is impossible to determine whether the trial court increased defendant's sentence by considering the same evidence for two different aggravating factors in violation of G.S. 15A-1340.4(a)(1).

APPEAL by defendant from *Hairston, Judge.* Judgment entered 19 July 1984 in Superior Court, ROCKINGHAM County. Heard in the Court of Appeals 16 September 1985.

Defendant was charged in a proper bill of indictment with felonious breaking or entering, felonious larceny, and felonious possession of stolen goods. The State's evidence tends to show that defendant, accompanied by a girlfriend, broke into a house while the owner was on vacation and took $4,705 worth of personal property. Defendant testified that his girlfriend committed the larceny, and that she testified against him pursuant to an arrangement that exempted her from prosecution. The jury found defendant guilty of felonious breaking or entering and felonious larceny. The trial court sentenced defendant to two consecutive seven year terms. Defendant appealed.

*Attorney General Lacy H. Thornburg, by Special Deputy Attorney General John R. B. Matthis and Assistant Attorney General John F. Maddrey, for the State.*

*Appellate Defender Adam Stein, by Assistant Appellate Defender Leland Quintin Towns, for defendant, appellant.*

HEDRICK, Chief Judge.

[1]   Defendant first contends that the trial court erred in allowing the State to impeach him on cross-examination with evidence of convictions more than ten years old. The State impeached defendant with evidence of two breaking and entering convictions and two larceny convictions that were thirteen years old at the time of his trial. Defendant served a sentence of "[a]bout seventeen months" for the thirteen-year-old convictions. G.S. 8C-1, Rule 609, provides in part:

> (a) *General rule.* — For the purpose of attacking the credibility of a witness, evidence that he had been convicted of a crime punishable by more than 60 days confinement shall be admitted if elicited from him or established by public record during cross-examination or thereafter.

> (b) *Time limit.* — Evidence of a conviction under this rule is not admissible if a period of more than 10 years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date, unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect. However, evidence of a conviction more than 10 years old as calculated herein is not admissible unless the proponent gives to the adverse party sufficient advance written notice of intent to use such evidence to provide the adverse party with a fair opportunity to contest the use of such evidence.

At the close of the State's case and before defendant presented any evidence, the State delivered to defendant's counsel a written notice of intent to cross examine defendant concerning his thirteen-year-old convictions if he testified. The trial court found that these convictions were for "dishonesty type things," that they were probative of defendant's credibility, and that they would not prejudice defendant.

Defendant argues that the State's impeachment of him with the thirteen-year-old convictions violated G.S. 8C-1, Rule 609(b), for several reasons. First, he argues that the written notice was not delivered a sufficient time in advance since it was given during trial rather than prior to trial. Second, he argues that the

notice was not sufficient in content since it did not specify the nature of the offenses or the date and jurisdiction in which the convictions were rendered. However, at trial and in his assign-ment of error defendant objected to the old convictions only on the ground that their prejudicial effect outweighed any probative value. Therefore his arguments concerning the sufficiency of the notice he received were not properly preserved for appellate review, N.C.R. App. Proc., Rule 10, and this Court will not con-sider them. In any event, as discussed below, any errors in the admission of evidence of defendant's old convictions was not so prejudicial as to be reversible.

Defendant argues that the trial court erred in allowing him to be impeached with thirteen-year-old convictions under G.S. 8C-1, Rule 609(b), because (1) the trial court failed to support its findings on the impeachment evidence with specific facts and cir-cumstances, and (2) the trial court failed to weigh the appropriate factors regarding the impeachment evidence. We agree that the trial court's findings with regard to the admissibility of the thirteen-year-old convictions were inadequate. This error renders it impossible for this Court to determine whether the trial court weighed appropriate factors.

G.S. 8C-1, Rule 609(b), requires the trial court to determine "that the probative value of the conviction [more than ten years old] supported by specific facts and circumstances substantially outweighs its prejudicial effect." We interpret this part of Rule 609(b) to mean that the trial court must make findings as to the specific facts and circumstances which demonstrate the probative value outweighs the prejudicial effect. For example, it would be relevant if the old convictions involved crimes of dishonesty, if they were part of a continuous pattern of behavior, and if they were crimes of a different type from that for which defendant was being tried. In the present case the trial court only made a conclusory finding that the evidence would attack defendant's credibility without prejudicial effect. This finding does not satisfy the "specific facts and circumstances" requirement of Rule 609(b).

The trial court's failure to make specific findings as to why the evidence in this case was so probative and of such little preju-dice that it could be admitted as a rare exception to the general time limit stated in Rule 609(b) is not reversible error. The

transcript reveals that defendant was properly impeached with evidence of seven other convictions before the State brought up the thirteen-year-old breaking and entering and larceny convictions. Although the seven properly admitted convictions were for crimes of a violent nature rather than deceitfulness, they so clearly established defendant's character as a lawbreaker that the additional thirteen-year-old convictions could not have appreciably worsened the jury's view of his credibility. G.S. 15A-1443(a). This assignment of error is overruled.

[2] Defendant contends that his conviction for breaking or entering in the present case must be vacated under double jeopardy principles because it is a lesser included offense of his conviction for felonious larceny pursuant to a breaking or entering. Defendant did not properly preserve this argument for appellate review as there is no exception and no assignment of error for it. N.C.R. App. Proc., Rule 10. We further note that the substance of this argument has been consistently rejected by this Court. *State v. Richardson*, 70 N.C. App. 509, 514, n. 1, 320 S.E. 2d 900, 903, n. 1 (1984); *State v. Edmondson*, 70 N.C. App. 426, 320 S.E. 2d 315 (1984); *State v. Downing*, 66 N.C. App. 686, 311 S.E. 2d 702 (1984), *aff'd in part on other grounds and rev'd in part on other grounds*, 313 N.C. 164, 326 S.E. 2d 256 (1985); *State v. Smith*, 66 N.C. App. 570, 312 S.E. 2d 222, *disc. rev. denied*, 310 N.C. 747, 315 S.E. 2d 708 (1984). We adhere to this line of precedent in the present case.

[3] Defendant lastly contends that the trial court sentenced him to a greater than presumptive term on the basis of improper aggravating factors. For defendant's larceny conviction, the trial court found the statutory aggravating factor that he had prior convictions for criminal offenses punishable by more than 60 days confinement. It also found as nonstatutory aggravating factors that defendant was convicted of assault on a female on 15 March 1982, and assault on a female and delay and obstruction of an officer on 9 June 1982. For defendant's breaking and entering conviction, the trial court again found the statutory aggravating factor of prior convictions. It also found as nonstatutory aggravating factors that defendant was convicted of forcible trespass on 21 December 1983 and of assault on a female on 20 September 1982.

G.S. 15A-1340.4(a)(1) states that "the same item of evidence may not be used to prove more than one factor in aggravation."

This proscription was violated in a case where the trial court found the statutory aggravating factor of prior convictions and then found as an additional factor that the defendant had been previously convicted of rape. *State v. Brown*, 312 N.C. 237, 250, 321 S.E. 2d 856, 863-64 (1984). Likewise, this Court has held that it was error to find that a defendant served a prison sentence for a prior conviction in addition to finding that he had a prior conviction. *State v. Isom*, 65 N.C. App. 223, 229-30, 309 S.E. 2d 283, 287-88 (1983). The legislated factor of a prior conviction subsumed the additional nonstatutory factor. *Id.* Similarly, the finding of prior convictions in the present case subsumes the trial court's additional findings with regard to specific prior convictions. It is impossible for us to determine whether the trial court increased defendant's sentences by considering the same evidence for two different aggravating factors.

No error in the trial; remanded for resentencing.

Judges ARNOLD and COZORT concur.