STATE OF NORTH CAROLINA v. DONALD RALPH MOUL

No. 889SC1323

(Filed 19 September 1989)

**Criminal Law § 86.4 — indecent liberties — prior conviction — suppressed — insufficient findings — no prejudicial error**

There was no prejudicial error in a prosecution for taking indecent liberties with a child in suppressing a prior conviction in Nebraska in 1973 for contributing to the need for special supervision of a minor where the State offered no evidence or rebuttal to defendant's affidavits and allegations and there was no material conflict in the evidence before the trial court. Although the trial judge's conclusory findings do not satisfy the specific facts and circumstances requirement of N.C.G.S. § 8C-1, Rule 609(b), findings and conclusions are not necessary where there is no material conflict in the evidence.

APPEAL by the State of North Carolina from Hight (Henry W., Jr.), Judge. Heard in the Court of Appeals 23 August 1989.

Defendant, an employee of Oxford Orphanage, was indicted for seven counts of taking indecent liberties with a child in violation of G.S. 14-202.1. The alleged incidents for which he was charged occurred in September, October and December of 1987. Prior to trial, the D.A. filed a "Motion to Allow Evidence of a Prior Conviction on Misconduct." The prior conviction was for "Contributing to the Need for Special Supervision of a Minor" and occurred in Nebraska in 1973. Defendant filed a response requesting a denial of the State's motion. The trial court denied the State's motion, ruling that the evidence did not satisfy G.S. 8C-1, Rule 404(b). The judge did not rule on the evidence's admissibility under G.S.

8C-1, Rule 609 but determined that the State had met Rule 609's notice requirement.

On 10 August 1988, defendant filed a pretrial motion to suppress pursuant to G.S. 15A-972 requesting 1) suppression of all evidence of defendant's prior conviction; 2) suppression of all references to the conviction; and 3) instruction by the D.A. to each State witness not to mention the conviction. The trial court granted defendant's motion after a hearing in which he made findings of fact and conclusions of law, including the following:

> 19. That the defendant was convicted on the 1st day of October, 1973 of contributing to the need for special supervision of a minor and was fined $50.00 plus costs.

> 20. That Entry of Judgment in that matter was entered over fourteen (14) years ago and is barred by Rule 609 of Chapter 8C of the General Statutes of North Carolina from being introduced for the purpose of attacking the credibility of the defendant, Donald Ralph Moul.

> 21. That although the State of North Carolina has given sufficient advance notice of the intention to use the evidence of the defendant's 1973 conviction, this Court finds that the probative value of such conviction is not substantially outweighed by its prejudicial effect.

The State's subsequent motion to vacate the order was also denied. The State appeals and we affirm.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General G. Lawrence Reeves, Jr., for the State.*

*J. Thomas Burnette for defendant-appellee.*

LEWIS, Judge.

The State's sole assignment of error is to the lower court's suppression of defendant's prior conviction. It argues that the trial court made inadequate findings to support total suppression of the evidence and that G.S. 8C-1, Rule 609 allows introduction of the conviction to impeach the defendant should he testify.

It should be noted at the outset that our scope of review of an order such as this is strictly limited to determining whether the trial judge's underlying findings of fact are supported by compe-

STATE v. MOUL

[95 N.C. App. 644 (1989)]

tent evidence, in which event they are conclusively binding on appeal, and whether those factual findings in turn support the judge's ultimate conclusion of law. *State v. Cooke*, 306 N.C. 132, 134, 291 S.E.2d 618, 619 (1982). "Indeed, an appellate court accords great deference to the trial court in this respect because it is entrusted with the duty to hear testimony, weigh and resolve any conflicts in the evidence, find the facts, and, then based upon those findings, render a legal decision. . . ." *Id.* at 134, 291 S.E.2d at 620.

We find that the trial court did not abuse its discretion in refusing to allow the admission of defendant's 1973 conviction at trial. As a general rule, after a hearing on a motion to suppress the evidence, the trial court must make written findings of fact and conclusions of law. G.S. 15-977(f); *State v. Parks*, 77 N.C. App. 778, 781, 336 S.E.2d 424, 426 (1985), *appeal dismissed and cert. denied*, 316 N.C. 384, 342 S.E.2d 904 (1986). When making its findings, G.S. 8C-1, Rule 609(b) requires that the court make findings as to the specific facts and circumstances which demonstrate that the probative value outweighs the prejudicial effect. *State v. Hensley*, 77 N.C. App. 192, 334 S.E.2d 783 (1985), *cert. denied*, 315 N.C. 393, 338 S.E.2d 882 (1986).

In the present case, all the trial judge found was that the conviction was over fourteen years old and that the probative value was outweighed by the prejudicial effect. These conclusory findings do not satisfy the "specific facts and circumstances" requirement of Rule 609(b). *Id.* However, the trial court's failure to make appropriate findings is not reversible error. Where there is no material conflict in the evidence, findings and conclusions are not necessary. *State v. Edwards*, 85 N.C. App. 145, 354 S.E.2d 344, *cert. denied*, 320 N.C. 172, 358 S.E.2d 58 (1987).

In the present case, the State failed to make any objections, file an answer, or offer any evidence at the suppression hearing. Since the State offered no evidence or rebutted defendant's affidavits and allegations, there was no material conflict in the evidence before the trial court, and suppression was permissible.

Affirmed.

Chief Judge HEDRICK and Judge ORR concur.