THORNBURG, Judge.
Defendant Jerome Allen Floyd appeals from judgment entered upon his conviction by a jury of robbery with a dangerous weapon. At trial the prosecuting witness, Richard Lee Hester ("Mr. Hester"), testified as follows: On the evening of 19 August 2001, Mr. Hester was walking to a friend's house when he noticed defendant leaning against a car. Defendant called out to Mr. Hester and asked Mr. Hester if he needed anything. Mr. Hester said he did not need anything and kept walking. Mr. Hester then heard someone approaching behind him. The person grabbed Mr. Hester's belt and placed a gun to Mr. Hester's head. Mr. Hester was then ordered to lie down and the person hit Mr. Hester on the side of his head with the gun, causing the gun to fire and leaving a largegash on Mr. Hester's head. The assailant then reached into Mr. Hester's pocket and pulled out thirty-eight dollars and a ring. Mr. Hester was then allowed to stand up. After standing up, Mr. Hester was able to see the assailant and identified him as defendant.
Defendant presented evidence indicating that he was having his hair braided during the time of the robbery. The jury returned a verdict of guilty of robbery with a dangerous weapon. Defendant was sentenced to a term of 120 to 153 months in the custody of the North Carolina Department of Correction. Defendant appeals.
Defendant first argues that the trial court erred by failing to allow defendant to present evidence of Mr. Hester's drug use. At trial defense witness Lena McIntyre ("Ms. McIntyre") testified that she was braiding defendant's hair during the time of the alleged robbery. She also testified that she knew Mr. Hester. Defense counsel then asked Ms. McIntyre if she had ever seen Mr. Hester use drugs. The trial court sustained the State's objection to this question. Defendant argues that this question was a permissible attempt to attack Mr. Hester's credibility and cites State v. Williams, 330 N.C. 711, 412 S.E.2d 359 (1992), as support for this argument. In Williams the Court granted the defendant a new trial, holding that the trial court erred by not allowing the defendant to cross-examine the key prosecuting witness about his suicide attempts, psychiatric history, and drug habit. Id. at 724, 412 S.E.2d at 367. The Court concluded that this evidence wasadmissible under North Carolina Rule of Evidence 611(b) which states:
(b) Scope of cross-examination. - A witness may be cross-examined on any matter relevant to any issue in the case, including credibility.
N.C. Gen. Stat. . 8C-1, Rule 611(b)(2003). The Williams Court explained how the disputed evidence was relevant to credibility as follows:
While specific instances of drug use or mental instability are not directly probative of truthfulness, they may bear upon credibility in other ways, such as to cast doubt upon the capacity of a witness to observe, recollect, and recount, and if so they are properly the subject not only of cross-examination but of extrinsic evidence . . . .
Id. at 719, 412 S.E.2d at 364 (citation and quotation marks omitted). Because the Court referred to instances of drug use as admissible as extrinsic evidence, defendant argues that Ms. McIntyre should have been allowed to testify concerning Mr. Hester's alleged drug use. We disagree.
In Williams, the contested evidence was proffered during cross-examination of the principal prosecuting witness William Carroll. Carroll was also charged with the death of the victim but had agreed to testify for the State. The defendant wanted to cross-examine Carroll concerning Carroll's two suicide attempts, psychiatric treatment, and history of chronic marijuana and cocaine abuse, in order to cast doubt on Carroll's credibility. The Court, in holding that this cross-examination should be allowed, emphasized that "[a]ll the North Carolina cases [allowing a similarform of impeachment] involved cross-examination of key State witnesses." Id. at 723, 412 S.E.2d at 366. As Rule 611(b) specifically refers to cross-examination as the appropriate manner to question the credibility of a witness under that rule and the facts and holding of Williams involve cross-examination, we decline to hold that the trial court erred by not allowing this evidence to be admitted under Rule 611(b) during the defendant's case-in-chief.
Nor would Rule 608(b) allow admission of the testimony because that rule also limits this type of impeachment to cross-examination of witnesses. N.C. Gen. Stat. . 8C-1, Rule 608(b)(2003). Because the evidence at issue is not admissible to impeach under Rule 611(b) or Rule 608(b), our final inquiry is whether the evidence is relevant so as to be admitted as extrinsic evidence. See N.C. Gen. Stat. . 8C-1, Rule 402 (2003)("All relevant evidence is admissible . . . ."). At best the excluded testimony would show that Mr. Hester had at some time in the past used drugs. We conclude that this evidence is not relevant to any issue at trial. Accordingly, the trial court properly sustained the objection to defense counsel's question. This assignment of error is overruled.
Defendant's next argument asserts that the trial court erred when it sustained the prosecutor's objection to a question by defense counsel before the entire question was stated. Defendant asserts that this interruption violated defendant's constitutional right to cross-examine adverse witnesses and could have prevented the admission of evidence crucial to the defense. Defendant did not preserve these arguments by an objection at trial. Althoughthe relevant assignment of error alleges plain error, defendant's appellate brief does not contend that the trial court's sustaining of the State's objection and the result that the sought evidence was not admitted constituted plain error. Accordingly, defendant waived appellate review of this alleged error. State v. Nobles, 350 N.C. 483, 514-15, 515 S.E.2d 885, 904 (1999). This assignment of error is dismissed.
Defendant's final argument is that the trial court committed plain error by allowing the prosecutor to question defendant about defendant's convictions for second-degree trespass. "In meeting the heavy burden of plain error analysis, a defendant must convince this Court, with support from the record, that the claimed error is so fundamental, so basic, so prejudicial, or so lacking in its elements that absent the error the jury probably would have reached a different verdict." State v. Cummings, 352 N.C. 600, 636, 536 S.E.2d 36, 61 (2000), cert. denied, 532 U.S. 997, 149 L. Ed. 2d 641 (2001). While it was error for these convictions to be admitted, we are unconvinced that this error rises to the level of plain error. In State v. Hensley, 77 N.C. App. 192, 334 S.E.2d 783 (1985), disc. review denied, 315 N.C. 393, 338 S.E.2d 882 (1986), this Court held that admitting a thirteen-year-old conviction was error but did not rise to the level of plain error because the State had properly impeached the defendant with evidence of seven other convictions. Id. at 196-97, 334 S.E.2d at 785. In the instant case, defendant was properly impeached with evidence of several more serious crimes. Accordingly, we conclude that theerrant admission of the misdemeanor convictions was not so fundamental as to deny defendant a fair trial or cause a change in the verdict. This assignment of error is overruled.
No error.
Judges GEER and LEVINSON concur.
Report per Rule 30(e).