STATE v. WILLIAMS

[225 N.C. App. 636 (2013)]

STATE OF NORTH CAROLINA
v.
DANTE WILLIAMS

No. COA12-947

Filed 19 February 2013

**1. Criminal Law—burden of proof—evidence suppression hearing**

   The trial court did not improperly place the burden of proof on defendant at his evidence suppression hearing where there was initially some confusion about whether the State or defendant had the burden of proof, defendant volunteered to proceed and called the two officers involved in the arrest to testify, and no other witnesses testified at the suppression hearing. The fact that defendant presented evidence first is not determinative of which party had the burden of proof. It was noted that the court's order should be in writing and should state the applicable burden of proof and whether it was met by the State.

**2. Arrest—driving while impaired—probable cause**

   The findings supported the trial court's conclusion that an officer had probable cause to arrest defendant for driving while impaired based on the circumstances in which defendant was found following an accident.

Appeal by defendant from judgment entered 13 September 2011 by Judge Craig Croom in Wake County Superior Court. Heard in the Court of Appeals 30 January 2013.

*Attorney General Roy Cooper by Assistant Attorney General, Joseph E. Elder, for the State.*

*Reece & Reece by Michael J. Reece for defendant-appellant.*

STEELMAN, Judge.

At the hearing on defendant's motion to suppress, the trial court did not place the burden of proof upon defendant. The trial court did not err in finding that the officers had probable cause to arrest defendant for driving while impaired and denying defendant's motion to suppress.

## I. Factual and Procedural Background

Police responded to a one-car accident at approximately 4:00 a.m. on 20 January 2011 in Morrisville. When police arrived, Dante Daon Williams (defendant) was lying on the ground behind the car and appeared very intoxicated. No other person was present when police arrived. Police arrested defendant for driving while impaired. Defendant was uncooperative and resisted arrest. As the officers walked defendant to the police car, defendant spit on an officer's face.

On 22 March 2011, defendant was indicted for the felony of malicious conduct by a prisoner and being an habitual felon. Defendant made a motion to suppress the arrest for lack of probable cause and all evidence resulting from the arrest. The trial court denied defendant's motion concluding that based on defendant's proximity to the vehicle, the absence of any other person in the area, and defendant's strong odor of alcohol, bloodshot eyes, slurred speech, and extreme unsteadiness on his feet, the officer had probable cause to arrest defendant for driving while impaired. On 13 September 2011, a jury found defendant guilty of malicious conduct by a prisoner. He subsequently pled guilty to being an habitual felon. Defendant was sentenced as a Level III offender from the mitigated range to an active term of imprisonment of 72 to 96 months.

Defendant appeals.

## II. Burden of Proof

**[1]** In his first argument on appeal, defendant contends that the trial court improperly placed the burden of proof on defendant at the hearing of his motion to suppress and therefore, erred in denying his motion to suppress. We disagree.

The transcript of the suppression hearing indicates that at the outset of the hearing there was some confusion concerning whether the State or defendant had the burden of proof. However, counsel for defendant volunteered to proceed and called the two officers involved in the arrest to testify. No other witnesses testified at the suppression hearing.

Initially the burden is on the defendant to show that the motion to suppress is timely and in proper form. *E.g.*, *State v. Conard*, 54 N.C. App. 243, 245, 282 S.E.2d 501, 503 (1981)("The burden is on the defendant to demonstrate that he has made his motion to suppress in compliance with the procedural requirements of [N.C. Gen. Stat. §§ 15A-971 to 980]; failure to carry that burden waives the right

to challenge evidence on constitutional grounds."). Once the defendant has done so, "the burden is upon the [S]tate to demonstrate the admissibility of the challenged evidence[.]" *State v. Cheek*, 307 N.C. 552, 557, 299 S.E.2d 633, 636-37 (1983). "To do this the [S]tate must persuade the trial judge, sitting as the trier of fact, by a preponderance of the evidence that the facts upon which it relies to sustain admissibility and which are at issue are true." *Id.* The North Carolina Supreme Court has held:

> Although the party who has the burden of proof is generally the party who first puts on evidence, the order of presentation at trial is a rule of practice, not of law, and it may be departed from whenever the court, in its discretion, considers it necessary to promote justice. Since the order of proof in a criminal trial is largely within the discretion of the trial judge, inversion of the order is not grounds for reversal unless the court abuses its discretion and defendant establishes that he was prejudiced thereby. . . .
>
> . . .The order of proof has no effect on the burden of proof or the burden of going forward with the evidence, since the order of proof is merely a matter of practice without legal effect.

*State v. Temple*, 302 N.C. 1, 4-5, 273 S.E.2d 273, 276 (1981)(internal citations omitted).

In the instant case, there is no indication from the transcript or the order entered by the trial court that the burden of proof was shifted from the State to defendant. The fact that defendant presented evidence first is not determinative of which party had the burden of proof.

We note that it is the duty of the presiding judge to have a clear understanding of the burden of proof and procedure involved in conducting a suppression hearing. Since the State has the burden of proof, it should proceed with presenting evidence to the court. The court's ruling should be in writing. *State v. Moul*, 95 N.C. App. 644, 646, 383 S.E.2d 429, 431 (1989); *see also* N.C. Gen. Stat. § 15A-977(f) (2011). The order should also clearly state the applicable burden of proof and whether it was met by the State.

This argument is without merit.

### III. Probable Cause to Arrest

**[2]** In his second argument, defendant contends that the officers did not have probable cause to arrest him. We disagree.

### A. Standard of Review

"The standard of review in evaluating the denial of a motion to suppress is whether competent evidence supports the trial court's findings of fact and whether the findings of fact support the conclusions of law." *State v. Biber*, 365 N.C. 162, 167-68, 712 S.E.2d 874, 878 (2011). When "the trial court's findings of fact are not challenged on appeal, they are deemed to be supported by competent evidence and are binding on appeal." *Id.* at 168, 712 S.E.2d at 878. Conclusions of law are reviewed *de novo. Id.*

### B. Analysis

Under the North Carolina General Statutes, an officer may arrest a person without a warrant when he has probable cause to believe the person has (1) committed a felony, (2) committed a misdemeanor and, unless immediately arrested, will not be apprehended, may cause physical injury to himself or others, or damage property, or (3) committed one of several enumerated misdemeanors, including impaired driving. N.C. Gen. Stat. § 15A-401(b)(2011). Our Supreme Court has defined probable cause for an arrest as

> [A] reasonable ground of suspicion, supported by cir-
> cumstances sufficiently strong in themselves to warrant
> a cautious man in believing the accused to be guilty. . . .
> To establish probable cause the evidence need not
> amount to proof of guilt, or even to prima facie evidence
> of guilt, but it must be such as would actuate a reason-
> able man acting in good faith.

*State v. Harris*, 279 N.C. 307, 311, 182 S.E.2d 364, 367 (1971)(quoting 5 Am. Jur. 2d *Arrests* § § 44, 48 (1962)).

In the instant case, the trial court made the following findings of fact:

> 3. Officer Miller observed the Defendant lying behind
> the car on the ground near the trunk. The Defendant's
> shirt was pulled over his head and his head was in the
> sleeve hole of the shirt.

4. The Defendant appeared unconscious. Officer Miller and his sergeant tried to arouse the Defendant. The Defendant woke up and started chanting. His speech was slurred. He had a strong odor of alcohol. He stood up and fell back. He was extremely unsteady on his feet. He had bloodshot eyes.

. . .

6. The keys were in the ignition, and the car was not running.

7. Officer Gilbert of the Morrisville Police searched the area and found no one in the woods. He noted no other signs of people and no tracks in the woods.

The trial court's findings of fact would support "a reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in believing the accused to be guilty" of impaired driving. *See id.* The findings of fact support the trial court's conclusion of law that "[b]ased on the Defendant's proximity to the car involved in an accident, no one else was in the area, strong odor of alcohol, slurred speech, bloodshot eyes, and extremely unsteady [sic] on his feet. Officer Miller had probable cause to arrest the Defendant for Driving While Impaired[.]"

Defendant's argument is without merit.

Based upon the foregoing rulings, we need not address defendant's remaining arguments.

NO ERROR.

Judges GEER and HUNTER, JR., Robert N. concur.