CALABRIA, Judge.
 

 *645
 

 Background
 

 Randolph Joyner ("defendant") appeals from judgment entered upon a jury verdict finding him guilty of felony larceny and his subsequent admission to attaining the status of an habitual felon. We find no error.
 

 George Monk ("Monk"), the owner of eighteen acres located on Taylor Lane in Clinton,
 
 *334
 
 NC (the "property"), used his property to store old trucks, farm equipment, spare parts, and other miscellaneous items. Monk also allowed Brady Waters ("Waters") to store roughly one hundred and fifty old lawnmowers and a 1979 Ford Carrier pickup truck ("Ford Carrier") on the property.
 

 On or about 18 April 2012, Monk received word that an on-going theft might be occurring at the property. In response, Monk called Waters and asked him to check out the situation. When Waters arrived, he saw defendant driving out of Taylor Lane with three passengers in a Ford Expedition ("Expedition"). Since his Ford Carrier was being towed by the Expedition, Waters drove up behind defendant and the others near a stop sign. Defendant exited the Expedition, prompting Waters to ask him if he needed "some help or anything?" to which defendant responded, "No. No I got it." Waters followed defendant.
 

 At some point, Waters found that the Expedition had been stopped by a highway patrolman because the Ford Carrier's wheels were creating sparks on the road. Waters stopped and notified the patrolman that he was the owner of the Ford Carrier. The patrolman was joined almost immediately by two sheriffs' deputies who were looking for Waters' Ford Carrier in reference to a larceny in progress. Consequently, defendant and his passengers were transported to the Sampson County Sheriff's Office for questioning.
 

 Subsequent investigation revealed that over the course of two days, defendant and others transported four loads of machinery and equipment from the property to a salvage yard. In addition to the theft of Waters' Ford Carrier, all of his lawn mowers had been removed from
 
 *646
 
 the property. Many of the stolen items owned by Monk-which included diesel engines, dump truck components, an oil pan, and a tar sprayer-were sold as scrap metal. On 22 January 2014, defendant was indicted for felony larceny, felony possession of stolen property, and attaining the status of an habitual felon. His trial began in July 2014 before the Honorable Phyllis Gorham in Sampson County Criminal Superior Court. At trial, Monk testified that he saw defendant on the property a week or two before the thefts occurred. Defendant claimed to be looking for a dog, and he left without incident when Monk informed him that he did not "need to be down [t]here."
 

 Before defendant testified in his own defense, the trial court held a
 
 voir dire
 
 hearing to determine,
 
 inter alia,
 
 whether the State could impeach defendant with five prior convictions, all of which were more than ten years old. As demonstrated by the following exchange, the trial court ruled that defendant could be cross-examined on the convictions at issue and defendant objected to the ruling:
 

 THE COURT: All right. Well, they do go to his credibility. It's the age of them I'm concerned about because the most recent would be 14 years ago.
 

 [PROSECUTOR]: And the State would not mention anything that does not go to his exact credibility. And he does have other stuff like DWI, public consumption. I'm not asking to get those items in, but the numerous convictions that he has for forgery, uttering, and obtaining property by false pretenses is fair game. I'm not even asking to get the misdemeanor larceny in, but the other items that actually go to his credibility, if he takes the stand, that's what I'm going for, Your Honor.
 

 THE COURT: I think they do go to his credibility, so I'm going to allow him to be cross-examined on those convictions. They do go to his credibility.
 

 [DEFENSE COUNSEL]: And, Your Honor, we would object to that ruling for the record. We believe it would be more prejudicial than probative for him to be cross-examined on those.
 

 THE COURT: All right. So noted.
 

 While testifying, defendant denied knowing the items taken from the property were stolen. According to defendant, his nephew ("Ray")
 

 *647
 
 asked him to haul some junk for two individuals, Thomas Lamb ("Lamb") and Marcette Hines ("Hines"), both of whom lived near the property on Taylor Lane. Defendant agreed to help. On 17 April 2012, defendant drove a truck to the property and waited for the others to load it with the "junk." He then drove the truck to a salvage
 
 *335
 
 yard, where Ray received payment for the load's scrap metal value. The group returned the next day and made more "runs" to the salvage yard. Defendant admitted to driving the truck during three of the four occasions on which the junk was sold at the salvage yard; however, he denied ever setting foot on the property before 17 April 2012. On cross-examination, defendant was impeached with five prior convictions, but his trial counsel did not object when the State introduced the evidence.
 

 After the jury returned a verdict finding defendant guilty of felony larceny and felony possession of stolen property, he pled guilty to the habitual felon charge. The trial court then arrested judgment on the possession of stolen property charge, and sentenced defendant to a minimum of 52 and a maximum of 82 months in the custody of the North Carolina Division of Adult Correction. Defendant appeals.
 

 Analysis
 

 Defendant argues that the trial court erred in allowing the State to cross-examine him on his previous convictions for uttering a forged instrument, forgery, and obtaining property by false pretenses without conducting the mandatory balancing test and entering findings of fact pursuant to Rule 609 of the North Carolina Rules of Evidence. According to defendant, the admission of his prior convictions was error because the trial court "made no findings as to the specific facts and circumstances" that demonstrated the probative value of the evidence outweighed its prejudicial effect. We disagree.
 

 As an initial matter, we note that defendant has no right to raise the Rule 609 issue on appeal. Ordinarily, since balancing "the probative value and prejudicial effect [of prior conviction evidence] necessarily involves some exercise of discretion by the trial court, ... the ... court's ultimate determination will not be upset absent a manifest abuse of that discretion."
 
 State v. Harris,
 

 140 N.C.App. 208
 
 , 216,
 
 535 S.E.2d 614
 
 , 620 (2000) (citations omitted). For us to assess defendant's challenge, however, he was required to properly preserve the issue for appeal by making a timely objection at trial.
 
 See
 

 State v. Thibodeaux,
 

 352 N.C. 570
 
 , 577,
 
 532 S.E.2d 797
 
 , 803 (2000) ; N.C.R.App. P. 10(a)(1) (2015). "To be timely, an objection to the admission of evidence must be made at the time it is actually introduced at trial."
 

 *648
 

 State v. Ray,
 

 364 N.C. 272
 
 , 277,
 
 697 S.E.2d 319
 
 , 322 (2010) (internal quotation marks omitted). Here, defendant opposed the admission of all prior conviction evidence during a
 
 voir dire
 
 hearing held before his testimony, but he failed to object to the evidence in the presence of the jury when it was actually offered. Unfortunately for defendant, his objection was insufficient to preserve the issue for appellate review.
 
 Id.
 
 at 277,
 
 697 S.E.2d at 322
 
 ("It is insufficient to object only to the presenting party's forecast of the evidence.... As such, in order to preserve for appellate review a trial court's decision to admit testimony, 'objections to [that] testimony must be contemporaneous with the time such testimony is offered into evidence' and not made only during a hearing out of the jury's presence prior to the actual introduction of the testimony." (quoting
 
 Thibodeaux,
 

 352 N.C. at 581-82
 
 ,
 
 532 S.E.2d at
 
 806 )). And since defendant failed to specifically and distinctly allege plain error in his brief, he waived his right to have this issue reviewed under that standard.
 
 See
 
 N.C.R.App. P. 10(a)(4) ;
 
 see also
 

 State v. Lawrence,
 

 365 N.C. 506
 
 , 516,
 
 723 S.E.2d 326
 
 , 333 (2012).
 

 Nevertheless, even if we assumed that defendant's objection at the
 
 voir dire
 
 hearing was sufficient to preserve his challenge to the admitted prior conviction evidence, we would find no error. Rule 609(b) provides that evidence of a prior conviction
 

 is not admissible if a period of more than 10 years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date, unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect.
 

 N.C. Gen.Stat. § 8C-1, Rule 609(b) (2013). " Rule 609(b) is to be used for purposes of impeachment. The use of this rule is necessarily
 
 *336
 
 limited by that focus: it is to reveal not the character of the witness, but his credibility."
 
 State v. Ross,
 

 329 N.C. 108
 
 , 119,
 
 405 S.E.2d 158
 
 , 165 (1991) (emphasis omitted) (citation omitted).
 

 This Court has interpreted Rule 609(b) "to mean that the trial court
 
 must
 
 make findings as to the specific facts and circumstances which demonstrate the probative value [of the evidence] outweighs [its] prejudicial effect.... [A] conclusory finding that the evidence would attack [the] defendant's credibility without prejudicial effect ... does not satisfy the 'specific facts and circumstances' requirement...."
 
 State v. Hensley,
 

 77 N.C.App. 192
 
 , 195,
 
 334 S.E.2d 783
 
 , 785 (1985) (emphasis added). This requirement enables the reviewing court to determine
 
 *649
 
 whether the admission of old conviction evidence was properly allowed. "For the trial court to merely state that the probative value of a prior conviction outweighs its prejudicial effect in the interests of justice is insufficient under Rule 609(b)."
 
 State v. Shelly,
 

 176 N.C.App. 575
 
 , 581,
 
 627 S.E.2d 287
 
 , 294 (2006).
 

 "[T]he following considerations [are] factors to be addressed by the trial court when determining if conviction evidence more than ten years old should be admitted: (a) the impeachment value of the prior crime, (b) the remoteness of the prior crime, and (c) the centrality of the defendant's credibility."
 
 Id.
 
 at 582-83,
 
 627 S.E.2d at
 
 294 (citing
 
 State v. Holston,
 

 134 N.C.App. 599
 
 , 606,
 
 518 S.E.2d 216
 
 , 222 (1999) ). In addition, the trial court's findings "should address (a) whether the old convictions involved crimes of dishonesty, (b) whether the old convictions demonstrated a 'continuous pattern of behavior,' and (c) whether the crimes that were the subject of the old convictions were 'of a different type from that for which defendant was being tried.' "
 
 Id.
 
 at 583,
 
 627 S.E.2d at 295
 
 (quoting
 
 Hensley,
 

 77 N.C.App. at 195
 
 ,
 
 334 S.E.2d at
 
 785 ).
 

 Despite the requisite factors espoused in
 
 Shelly
 
 and
 
 Hensley,
 
 a trial court's failure to "satisfy the 'specific facts and circumstances' requirement of Rule 609(b)" does "not [necessarily constitute] reversible error."
 
 State v. Moul,
 

 95 N.C.App. 644
 
 , 646,
 
 383 S.E.2d 429
 
 , 431 (1989). "Where there is no material conflict in the evidence, findings and conclusions are not necessary."
 

 Id.
 

 Other than making a general objection, defendant offered no evidence and made no attempt to rebut the State's argument for admitting the prior convictions. Furthermore, our Supreme Court has adopted the principle that a trial court's failure to make the necessary findings is not error when the record demonstrates the probative value of prior conviction evidence to be obvious.
 
 State v. Artis,
 

 325 N.C. 278
 
 , 307,
 
 384 S.E.2d 470
 
 , 486 (1989),
 
 vacated and remanded on other grounds,
 

 494 U.S. 1023
 
 ,
 
 110 S.Ct. 1466
 
 ,
 
 108 L.Ed.2d 604
 
 (1990) ("The trial court's determination that defendant's [prior] convictions ... were admissible was erroneous. Specific facts and circumstances supporting the probative value of this evidence are neither apparent from the record nor recounted by the trial court.");
 
 State v. Ross,
 

 329 N.C. 108
 
 , 127,
 
 405 S.E.2d 158
 
 , 169 (1991) ("Although the trial judge did not specifically set out the facts and circumstances in support of the probative value of the prior conviction, this alone does not make it error. It is only when the facts and circumstances supporting the probative value of the evidence are not 'apparent from the record' that its admission is error.") (Meyer, J. concurring) (quoting
 
 Artis,
 

 325 N.C. at 307
 
 ,
 
 384 S.E.2d at
 
 486 )). That principle applies here.
 

 *650
 
 In the instant case, although the trial court's findings were conclusory and would normally be inadequate under Rule 609(b), the record contains facts and circumstances showing the probative value of the evidence. As to the
 
 Shelly
 
 factors, the centrality of defendant's credibility was obvious to all parties-he was on trial for larceny and possession of stolen property, crimes which implicate dishonesty and moral turpitude. Indeed, defendant's trial counsel openly stated that defendant's "knowledge [of whether the property was stolen was] ... the crux of this case." The prior convictions reflected upon defendant's character and raised doubts about his credibility. Likewise, the impeachment value of the evidence was manifest. In its exchange with the trial court regarding defendant's prior convictions, the
 
 *337
 
 State specifically stated that it would not seek to admit evidence of defendant's other convictions for DWI and public consumption. Instead, the State sought to impeach defendant only with prior convictions that went "to his exact credibility." Understandably, in a felony larceny and possession of stolen property trial, the State was keenly interested in using five convictions
 
 [1]
 
 that involved crimes of dishonesty to impeach defendant on the witness stand. Moreover, although the trial court expressed concerns over the age of defendant's prior convictions-noting that "the most recent would be [fourteen] years ago"-it ultimately found that they had a substantial bearing on defendant's credibility.
 

 As to the
 
 Hensley
 
 factors, we have already established that the prior convictions involved crimes of dishonesty. Further, the five convictions at issue spanned between 1980 and 2000, establishing a continuous pattern of behavior. Finally, the prior convictions were substantially similar to those for which defendant was being tried. Accordingly, the facts and circumstances surrounding the probative value of the evidence were apparent from the record and it was unnecessary for the trial court to make detailed, specific findings on them.
 

 *651
 

 Conclusion
 

 In sum, because defendant objected to the State's forecast of the Rule 609(b) evidence but did not object when the evidence was actually introduced, he failed to preserve for appellate review the trial court's decision to admit some of his prior convictions for impeachment purposes. Defendant also "lost his remaining opportunity for appellate review when he failed to argue [before this Court] that the trial court's admission of this [evidence] amounted to plain error."
 
 Ray,
 

 364 N.C. at 277-78
 
 ,
 
 697 S.E.2d at 322
 
 . Even assuming defendant's objection was sufficient to preserve the Rule 609(b) issue on appeal, the trial court did not err by making conclusory findings on the challenged evidence as its probative value was apparent from the record.
 

 NO ERROR.
 

 Judges ELMORE and DILLON concur.
 

 [1]
 

 We note that the State filed a motion asking this Court to take judicial notice that one of the convictions it used to impeach defendant did not fall within the ambit of Rule 609(b). Apparently, the trial court, the prosecutor, and defense counsel were not aware of this at the time of defendant's trial. Although it did nothing to change our analysis, we granted the motion. Because less than ten years had elapsed since defendant was released from the confinement imposed for the conviction at issue, the prior conviction would have been automatically admissible under N.C. Gen.Stat. § 8C-1, Rule 609(a).