IN THE COURT OF APPEALS OF NORTH CAROLINA

 No. COA16-721

 Filed: 21 February 2017

Durham County, No. 13 CRS 5607, 60141, 14 CRS 1447-48

STATE OF NORTH CAROLINA, Plaintiff,

 v.

NATHANIEL MALONE CHINA, Defendant.

 Appeal by defendant from judgments entered 5 February 2016 by Judge Henry

W. Hight, Jr. in Durham County Superior Court. Heard in the Court of Appeals 25

January 2017.

 Attorney General Joshua H. Stein, by Special Deputy Attorney General Grady
 L. Balentine, Jr., for the State.

 Richard Croutharmel for defendant-appellant.

 ZACHARY, Judge.

 Nathaniel Malone China (defendant) appeals from judgments entered upon his

convictions for felonious breaking and entering, second-degree kidnapping, first-

degree sex offense, intimidating a witness, misdemeanor assault inflicting serious

injury, and having attained the status of a habitual felon. On appeal, defendant

argues that the trial court erred by admitting evidence that defendant committed

these offenses shortly after being released from prison, and by denying defendant’s

motion to dismiss the charge of second-degree kidnapping for insufficiency of the
 STATE V. CHINA

 Opinion of the Court

evidence. Upon careful review of defendant’s arguments, in light of the record on

appeal and the applicable law, we conclude that defendant has failed to preserve for

appellate review the admissibility of testimony indicating that defendant had spent

time in prison, and that the trial court erred by denying defendant’s motion to dismiss

the charge of second-degree kidnapping. Accordingly, we find no error in defendant’s

convictions for felonious breaking or entering, first-degree sex offense, intimidating a

witness, misdemeanor assault inflicting serious injury, and having attained the

status of a habitual felon. We vacate defendant’s conviction for second-degree

kidnapping and remand for correction of the judgments to reflect this.

 I. Factual and Procedural Background

 On 4 November 2013, the Durham County Grand Jury indicted defendant for

first-degree kidnapping, felonious breaking or entering, and felonious assault

inflicting serious bodily injury. The Grand Jury indicted defendant for first-degree

sex offense, crime against nature, and intimidating a witness on 7 April 2014, and on

1 June 2015, defendant was indicted for being a habitual felon. On 26 January 2016,

the State dismissed the indictment charging defendant with intimidating a witness

and defendant agreed to proceed on that charge pursuant to a criminal bill of

information. Prior to trial, the State dismissed the charge of crime against nature.

The remaining charges against defendant came on for trial at the 26 January 2016

 -2-
 STATE V. CHINA

 Opinion of the Court

criminal session of Durham County Superior Court. Defendant did not present

evidence at trial. The State’s evidence tended to show, in relevant part, the following.

 Nichelle Brooks and defendant began a romantic relationship in 2008. At some

point before 2013, defendant was confined to prison. In 2012 or 2013, while defendant

was in prison, Ms. Brooks began a romantic relationship with Mark.1 Ms. Brooks did

not visit defendant in prison; however, they sometimes talked on the phone and,

during one of their phone calls, Ms. Brooks told defendant that she had a new

boyfriend. In early October 2013, after defendant had been released from prison, he

called Ms. Brooks and asked if they could resume their relationship. Ms. Brooks

agreed to meet with defendant at her apartment to discuss their situation, in “the

hope that he would just understand” her “decision in ending what we had and moving

on.” Shortly thereafter, defendant visited Ms. Brooks overnight at her apartment.

 After defendant’s overnight stay, Ms. Brooks told Mark that she had previously

had a relationship with defendant and asked Mark to stay away for a few days to

enable Ms. Brooks to “get things in order” with defendant. Mark testified that in

October 2013 he and Ms. Brooks had been dating for about a year. They did not

discuss their past relationships and Mark was not aware that Ms. Brooks had been

involved with defendant until she asked Mark to stay away for a few days.

 1 We refer to the complaining witness in this case by the pseudonym “Mark” for ease of reading
and to protect his privacy.

 -3-
 STATE V. CHINA

 Opinion of the Court

 On 14 October 2013, after Mark had absented himself from Ms. Brooks’

apartment for several days, Ms. Brooks told Mark that things were “cordial” with

defendant and that Mark could resume visiting Ms. Brooks at her home. Mark spent

that night with Ms. Brooks at her apartment. On the morning of 15 October 2013,

Ms. Brooks took her daughter to school and went to school at the Durham Beauty

Academy, leaving Mark alone in the apartment.

 Shortly after Mark awoke, he heard knocking at Ms. Brooks’ door, and when

he looked through a peephole in the door he saw two men whom he did not recognize.

At trial, Mark identified one of the two men as defendant. Mark returned to the

bedroom and hurriedly dressed for work. Mark heard banging noises and just as

Mark finished dressing he heard a “boom, like the door was just kicked in.”

Defendant ran back to the bedroom cursing, and immediately punched Mark, who

“never [had] a chance to hit him back.” Defendant punched Mark “straight in the

face” with his fist, and Mark fell onto the bed. Defendant “got on top of” Mark and

continued punching him in the face while cursing at Mark. As a result of the beating,

Mark felt “weak” and rolled over onto his face. While defendant was on the bed

punching Mark in the back of the neck, he pulled Mark’s pants down, spread his “anal

cheek[s]” and “rammed” his erect penis into Mark’s anus several times. Mark swung

his arms and defendant jumped up and dragged Mark off the bed by his ankles.

Defendant and his companion started “kicking and stomping” Mark, who curled up

 -4-
 STATE V. CHINA

 Opinion of the Court

on the floor, trying to protect himself. When an opportunity arose, Mark ran out of

the house and drove to his place of employment. When he arrived there, he asked for

help and was taken to the hospital. As a result of the assault, Mark suffered physical

injuries and emotional damage.

 At the close of the State’s evidence and again at the end of all the evidence,

defendant moved for dismissal of the charges. The trial court agreed to submit the

charge of misdemeanor assault inflicting serious injury to the jury, rather than the

charge of felonious assault inflicting serious bodily injury, and denied defendant’s

motion with respect to the other charges. On 1 February 2016, the jury returned

verdicts finding defendant guilty of felonious breaking or entering, intimidation of a

witness, second-degree kidnapping, first-degree sex offense, and misdemeanor

assault inflicting serious injury. Defendant entered a plea of guilty to being a

habitual felon. The trial court imposed a sentence of 150 days’ imprisonment for

misdemeanor assault inflicting serious injury, and consecutive prison sentences

totaling 590 to 799 months for the other offenses. On 5 February 2016, the trial court

conducted a resentencing proceeding, imposing the same sentences but arresting

judgment on defendant’s conviction for misdemeanor assault inflicting serious injury.

Defendant gave notice of appeal in open court.

 II. Admission of Evidence Concerning Defendant’s Previous Incarceration

 -5-
 STATE V. CHINA

 Opinion of the Court

 At trial, Ms. Brooks testified that she had received phone calls from defendant

while he was in a federal prison. She told the jury that she could recognize that

defendant’s calls were from a prison facility based on a recording that identified the

call as coming from a federal prison. She identified a later call from defendant as

originating from outside prison, because of the absence of this recording. On appeal,

defendant argues that the trial court committed reversible error by admitting this

testimony. Defendant contends that this evidence was not admissible under North

Carolina Rule of Evidence 404(b), and that its admission was prejudicial to defendant.

 “For us to assess defendant’s challenge, however, he was required to properly

preserve the issue for appeal by making a timely objection at trial.” State v. Joyner,

__ N.C. App. __, __, 777 S.E.2d 332, 335 (2015) (citing State v. Thibodeaux, 352 N.C.

570, 577, 532 S.E.2d 797, 803 (2000),2 and N.C.R. App. P. 10(a)(1) (2015)). “[T]o

preserve for appellate review a trial court’s decision to admit testimony, ‘objections

to [that] testimony must be contemporaneous with the time such testimony is offered

into evidence’ and not made only during a hearing out of the jury’s presence prior to

 2“Following this Court’s opinion in Thibodeaux, the General Assembly amended N.C. Rule of
Evidence 103(a) to provide that once the trial court makes a definitive ruling on the record admitting
or excluding evidence, either at or before trial, a party need not renew an objection or offer of proof to
preserve a claim of error for appeal. . . . However, in State v. Oglesby this Court held that the 2003
amendment to Rule 103(a) is unconstitutional[.]. . . Therefore, we consider the statements taken from
Thibodeaux and referenced herein an accurate statement of the current law.” State v. Ray, 364 N.C.
272, 277 n1, 697 S.E.2d 319, 322 n1 (2010) (internal quotation and citations omitted).

 -6-
 STATE V. CHINA

 Opinion of the Court

the actual introduction of the testimony.” Ray, 364 N.C. at 277, 697 S.E.2d at 322

(quoting Thibodeaux, 352 N.C. at 581-82, 532 S.E.2d at 806).

 Defendant asserts on appeal that this “error was preserved for appellate

review by [defendant’s] pretrial motion to preclude evidence of his recent release from

prison and his timely objection during trial to the State’s proffer of testimony

concerning his recent release from prison.” It is true that defendant made a pretrial

motion to exclude this evidence, and that he objected during trial to the State’s

intention to elicit the challenged testimony from Ms. Brooks. However, defendant

made no objection to Ms. Brooks’ testimony in the presence of the jury regarding

defendant’s incarceration. For example, we note the following excerpts from the

transcript:

 PROSECUTOR: How often would [defendant] call?

 MS. BROOKS: Not . . . not often. . . .

 PROSECUTOR: Where was he calling you from?

 MS. BROOKS: He was calling from prison.

 ...

 PROSECUTOR: Do you remember the last time that you
 spoke to him on the phone when he was calling from
 incarceration?

 MS. BROOKS: I want to say the summer[.] . . .

 ...

 -7-
 STATE V. CHINA

 Opinion of the Court

 PROSECUTOR: When’s the next time that you did speak
 to [defendant]?

 MS. BROOKS: I spoke with him [in] October, early
 October.

 ...

 PROSECUTOR: Previously when you said that he was
 calling from custody, how do you know that he was in
 custody?

 MS. BROOKS: The recording that you get, you know, when
 you receive the call, the recording.

 PROSECUTOR: Does it identify something?

 MS. BROOKS: The actual recording identifies it as a
 federal prison or something like that.

 Defendant did not object to any of the testimony quoted above. “It is insufficient

to object only to the presenting party’s forecast of the evidence.” Ray, 364 N.C. at

277, 697 S.E.2d at 322. In the present case, “defendant objected to the admission of

[the challenged] evidence . . . during a hearing out of the jury’s presence . . . but did

not then subsequently object when the evidence was actually introduced at trial.

Thus, defendant failed to preserve for appellate review the trial court’s decision to

admit [this] evidence[.]” Id. (internal quotation omitted). “And since defendant failed

to specifically and distinctly allege plain error in his brief, he waived his right to have

this issue reviewed under that standard.” Joyner, __ N.C. App. at __, 777 S.E.2d at

335 (citing N.C.R. App. P. 10(a)(4), and State v. Lawrence, 365 N.C. 506, 516, 723

 -8-
 STATE V. CHINA

 Opinion of the Court

S.E.2d 326, 333 (2012)). We conclude that defendant failed to preserve this issue for

appellate review or for plain error review. Accordingly, we do not reach the merits of

defendant’s argument.

 III. Sufficiency of the Evidence of Kidnapping

 Defendant argues next that the trial court erred by denying his motion to

dismiss the charge against him of second-degree kidnapping. Defendant was indicted

on a charge of first-degree kidnapping; however, prior to trial, the State elected to

proceed on the lesser-included offense of second-degree kidnapping. On appeal,

defendant asserts that there was no evidence that he restrained Mark beyond that

degree of restraint that is inherent in the commission of a sexual or physical assault.

After careful review of the transcript, in view of our jurisprudence on this issue, we

conclude that defendant’s argument has merit.

 “When a defendant moves for dismissal, the trial court must determine

whether the State has presented substantial evidence of each essential element of the

offense charged and substantial evidence that the defendant is the perpetrator.”

State v. Cross, 345 N.C. 713, 716-17, 483 S.E.2d 432, 434 (1997) (citation omitted).

“Substantial evidence is such relevant evidence as a reasonable mind might accept

as adequate to support a conclusion.” State v. Smith, 300 N.C. 71, 78-79, 265 S.E.2d

164, 169 (1980) (citations omitted). “[I]f there is substantial evidence - whether

direct, circumstantial, or both - to support a finding that the offense charged has been

 -9-
 STATE V. CHINA

 Opinion of the Court

committed and that the defendant committed it, the case is for the jury and the

motion to dismiss should be denied.” State v. Hunt, 365 N.C. 432, 436, 722 S.E.2d

484, 488 (2012) (internal quotation omitted). “In considering the motion, the trial

court must view the evidence in the light most favorable to the State, giving the State

the benefit of every reasonable inference to be drawn from the evidence, and resolving

any contradictions in favor of the State.” State v. Anderson, 181 N.C. App. 655, 659,

640 S.E.2d 797, 801 (2007) (citation omitted).

 In this case, the jury was instructed that it should find defendant guilty of

second-degree kidnapping if the evidence established beyond a reasonable doubt that

defendant had unlawfully restrained Mark for the purpose of terrorizing him.

Defendant does not dispute that this was a valid instruction on the offense of

kidnapping. N.C. Gen. Stat. § 14-39(a) (2015) provides, in relevant part, that:

 (a) Any person who shall unlawfully confine, restrain, or
 remove from one place to another, any other person 16
 years of age or over without the consent of such person . . .
 shall be guilty of kidnapping if such confinement, restraint
 or removal is for the purpose of [one of the following
 statutorily defined purposes, including] . . . [d]oing serious
 bodily harm to or terrorizing the person so confined,
 restrained or removed[.]

 “The offense of kidnapping, as it is now codified in N.C.G.S. § 14-39, did not

take form until 1975, when the General Assembly . . . abandoned the traditional

common law definition of kidnapping for an element-specific definition.” State v.

Ripley, 360 N.C. 333, 337, 626 S.E.2d 289, 292 (2006). However:

 - 10 -
 STATE V. CHINA

 Opinion of the Court

 In 1978, . . . [the Supreme Court of North Carolina]
 perceived that with this new definition came the potential
 for a defendant to be prosecuted twice for the same act. . . .
 Accordingly, this Court noted:

 “It is self-evident that certain felonies (e.g., forcible
 rape and armed robbery) cannot be committed
 without some restraint of the victim. We are of the
 opinion, and so hold, that G.S. 14-39 was not
 intended by the Legislature to make a restraint,
 which is an inherent, inevitable feature of such other
 felony, also kidnapping so as to permit the conviction
 and punishment of the defendant for both crimes. . .
 . We construe the word ‘restrain,’ as used in G.S. 14-
 39, to connote a restraint separate and apart from
 that which is inherent in the commission of the other
 felony.”

Id. (quoting State v. Fulcher, 294 N.C. 503, 523, 243 S.E.2d 338, 351 (1978)). “To be

sure, more than one criminal offense may arise out of the same criminal course of

action. When, for example, the kidnapping offense is a wholly separate transaction,

completed before the onset of the accompanying felony, conviction for both crimes is

proper.” State v. Boyce, 361 N.C. 670, 672-73, 651 S.E.2d 879, 881 (2007) (citing

Ripley, 360 N.C. at 337-38, 626 S.E.2d at 292).

 In the present case, defendant argues that there is no evidence in the record

that Mark was subjected to any restraint beyond that inherent in defendant’s

commission of first-degree sex offense and misdemeanor assault inflicting serious

injury. We agree.

 - 11 -
 STATE V. CHINA

 Opinion of the Court

 We have closely reviewed the portion of the transcript in which Mark testified

about defendant’s assaults upon him, as well as the statements that Mark gave to the

Durham Police Department. All of the relevant evidence describes a sudden attack,

in which defendant broke down the door of Ms. Brooks’ apartment, ran into the

bedroom where Mark was dressing, and assaulted him. Mark testified that after

defendant entered the bedroom, he immediately punched Mark hard enough to throw

Mark back onto the bed. Defendant continued punching Mark while he committed a

brief, brutal sexual attack. After the sexual offense occurred, defendant dragged

Mark off the bed by his ankles and then defendant and defendant’s companion kicked

Mark in the head and body.

 There is no evidence in the record suggesting that Mark was “restrained”

beyond the degree of restraint required to overpower Mark and assault him. For

example, there is no evidence that defendant bound Mark’s hands or feet, or that

defendant’s friend restrained Mark to facilitate defendant’s assault. The entire

incident took no more than a few minutes, after which Mark ran out of the apartment.

We conclude that there was insufficient evidence that Mark was subjected to any

restraint beyond the restraint that is inherent in defendant’s commission of the

assaults on Mark. Therefore, the trial court erred by denying defendant’s motion to

dismiss the charge of second-degree kidnapping. Defendant was sentenced to

consecutive prison terms totaling 590 to 799 months, to be served in the following

 - 12 -
 STATE V. CHINA

 Opinion of the Court

order: first-degree sex offense, second-degree kidnapping, intimidating a witness, and

felonious breaking or entering. Upon remand, the trial court should vacate

defendant’s conviction for second-degree kidnapping and correct the judgments so

that the sentence for intimidating a witness is served at the expiration of the sentence

for first-degree sex offense, and the sentence for felonious breaking or entering is

served at the expiration of the sentence for intimidating a witness. The resulting

sentence will total 502 to 681 months, which is approximately 41 to 56 years.

 IV. Conclusion

 For the reasons discussed above, we conclude that defendant failed to preserve

the issue of the admissibility of evidence that defendant committed these offenses

shortly after being released from prison, and that the trial court erred by denying

defendant’s motion to dismiss the charge of second-degree kidnapping. Accordingly,

we find no error in part, vacate in part, and remand to the trial court for correction

of the judgments in accordance with this opinion.

 NO ERROR IN PART, VACATED AND REMANDED IN PART.

 Judges ELMORE concurs.

 Judge DILLON concurs in part and dissents in part by separate opinion.

 - 13 -
 No. COA16-721 – STATE v. CHINA

 DILLON, Judge, concurring in part and dissenting in part.

 I concur with the holding in Section II of the majority opinion regarding the

admission of evidence concerning Defendant’s previous incarceration.

 I disagree, however, with the majority’s conclusion that the kidnapping

conviction should be vacated. I conclude that there was sufficient evidence to sustain

the jury’s finding that Defendant restrained the victim beyond the restraint inherent

to the sexual assault. Specifically, as the majority concedes, the evidence showed that

after Defendant completed his sexual assault of the victim on the bed, he dragged the

victim onto the floor. Then, while the victim was on the floor, Defendant restrained

the victim by beating and kicking the victim, preventing the victim from getting up.

Granted, this separate restraint did not last long. But this restraint which occurred

while the victim was on the floor was not inherent to the sexual assault which was

completed while the victim was on the bed. The restraint was a separate act.

Therefore, the jury’s verdict should not be disturbed.3

 In conclusion, my vote is that Defendant received a fair trial, free from

prejudicial error.

 3 I note that the jury also convicted Defendant of assault, for punching and kicking the victim
while the victim was on the floor. Judge Hight, though, properly arrested judgment on the assault
conviction, as the conduct supporting the jury’s assault conviction was the same conduct that
supported the jury’s kidnapping conviction.